## MARION FETTERS V. THE STATE.

No. 11340.    Delivered December 14, 1927.

### 1.—Burglary—Evidence—Held Sufficient.

The discovery and identification of a part of the stolen property, the proceeds of the burglary, in appellant's possession the day following, was sufficient to support his conviction of the burglary.

### 2.—Same—Continued.

Unexplained recent possession of stolen property obtained from burglarized premises will support a conviction of burglary, nor is it necessary to show that all of the missing property was found in his possession. See Rippey v. State, 86 Tex. Crim. Rep. 539, and other cases cited.

### 3.—Same—Indictment—Averring Former Conviction—Held Proper.

Under Art. 62, P. C., for the purpose of enhancing the punishment of the accused, an indictment may aver, and the state be permitted to prove, that the defendant had been before convicted of the same offense or one of the same nature.

### 4.—Same—Continued.

Under this article the term conviction refers to a final conviction, and a judgment of conviction which is suspended does not become final until the suspended sentence has been revoked. See Thomas v. State, 87 Tex. Crim. Rep. 153, and Brittain v. State, 85 Tex. Crim. Rep. 491.

### 5.—Same—Evidence—Properly Admitted.

Where it was shown on a trial for burglary that appellant had been formerly convicted for that offense in Oklahoma and given a suspended sentence, which had been revoked, there was no error in permitting the state to prove that a witness saw appellant in the state penitentiary of Oklahoma after the date that his suspended sentence had been revoked. See Hooton v. State, 53 Tex. Crim. Rep. 6, and Lynne v. State, 53 Tex. Crim. Rep. 375, and other cases cited.

### 6.—Same—Wife as Witness—Subject to Impeachment.

Where, on his trial for burglary, appellant's wife testified to an alibi in his behalf, it was proper for the state to impeach her testimony, even though the impeaching testimony contradicted the statement of a state's witness. When offered as a witness, the wife may be impeached as any other witness.

Appeal from the District Court of Wichita County.    Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for burglary, penalty twelve years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense burglary, penalty twelve years in the penitentiary.

The insufficiency of the evidence to sustain the conviction is claimed by appellant.    A brief resume of the main incriminating facts is as follows:

The store of J. R. Parker was burglarized on the night of February 17, 1927.    The knob was knocked off the safe and was found on the floor wrapped in tape.    Four dollars and ten cents in silver and something like one hundred and twenty-five to one hundred and forty pennies were taken.    A "chuck pin" used on the meat block disappeared.    Parker testified: "It was in our store on the night of February 17, 1927. * * * It was in a box in the corner of the building, inside the building. * * * The piece of tape I have here that you have handed me compares with the piece that I found on the knob of the safe, it is just the same."

Officers testified on the morning after the burglary that they visited the home of appellant, who with his wife and two other persons were in bed asleep at nine o'clock in the morning.    They found $4.10 in silver and some pennies on the table in the kitchen.    They also found a sledge hammer and a chisel and a roll of tape.    The roll of tape was the same kind as that found on the knob of the burglarized safe.    The silver found corresponded in amount and in denomination to the missing money from the burglarized premises.    The "chuck pin" identified by the witness Parker as his own appears to have been found in the car of appellant.

Unexplained recent possession of stolen property obtained from burglarized premises will support a conviction of burglary. Rippey v. State, 86 Tex. Crim. Rep. 539.    Nor is it necessary to show that appellant took all of the missing property or that all of the missing property was found in his possession.    Id. The evidence of identification and other incriminating circumstances, though not strong, were such that we do not feel authorized to substitute our opinion for that of the jury who

heard the testimony and are the exclusive judges of the credibility of the witnesses. There was an explanation made of appellant's possession, but all these matters were jury questions and have been found by the jury against appellant, and there being evidence in our opinion sufficient to sustain such verdict, there was no error in the trial court's action in overruling appellant's contention. Hooton v. State, 53 Tex. Crim. Rep. 6; Lynne v. State, 53 Tex. Crim. Rep. 375.

The state sought to enhance the punishment of appellant under Art. 62 of the Penal Code, reading as follows:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The indictment alleged and the proof showed that appellant had been convicted of burglary in the State of Oklahoma and his sentence originally suspended but afterwards revoked. Objection was made both to the presence of the allegation in the indictment and to proof of the revocation of the original suspended sentence. The term "conviction" as used in Art. 62 of the Penal Code refers, we think, to a final conviction. Brittian v. State, 85 Tex. Crim. Rep. 491. A judgment of conviction which is suspended does not become final until the suspended sentence has been revoked and is not regarded as a final judgment. Thomas v. State, 87 Tex. Crim. Rep. 153; Brittian v. State, 85 Tex. Crim. Rep. 491. It therefore follows that it was necessary for the state to allege and prove a suspension of sentence and its revocation in order to show that a final judgment had been entered against appellant for the crime of burglary.

Further complaint is made of the reception in evidence of proof by a witness that he saw appellant in the Granite State Penitentiary in the State of Oklahoma in the years 1919 and 1920. The order revoking his suspension of sentence appears to have been entered on the 28th day of April, 1919, and by its terms he was committed to the state penitentiary at Granite in the state of Oklahoma for a term of four years. This testimony was admissible, we think, to establish the identity of appellant as being the person who was finally convicted of the crime of burglary in a foreign state. This conclusion appears to be supported by some of the cases cited by appellant, notably Johnson v. Commonwealth, 272 S. W. 428; Tall v. Commonwealth, 110 S. W. 425. We see no reason, however, to hold that

such testimony would be of such prejudicial character as to require reversal even if inadmissible, since the state was entitled to prove his final conviction which required his incarceration in the penitentiary.

The appellant used his wife as a witness to prove that she was at home on the night of the burglary; that he came in at about 10 o'clock p. m. and was at home throughout the night. The state put Opal Morgan on the witness stand and proved substantially the same facts by her. Thereafter the state introduced a Mr. Smith, who testified that he saw both Opal Morgan and appellant's wife at his filling station after 10 o'clock p. m. the night of the burglary, and that they took him home, and that he was with them after ten-thirty and until about eleven-fifteen. The testimony of Smith was admitted over objection of appellant, it being urged that by his testimony the state was permitted to impeach its own witness, Opal Morgan. Such testimony was clearly admissible to impeach the wife of appellant. That it may have had the effect claimed by appellant would, we think, not render it inadmissible in the absence of some showing of prejudice.

We have examined all of appellant's bills of exception and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.