# MAY 5, 1937

ROSCOE ARBUCKLE V. THE STATE.

No. 17709.   Delivered May 5, 1937.

The opinion states the case.

W. T. Locke and Elmer H. Parish, both of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment assessed being confinement in the penitentiary for life.

The indictment was presented on February 19, 1935. In the first paragraph of the indictment appellant was charged with the offense for which he was being tried in the present proceedings, it being charged by proper averments that appellant had burglarized the house of M. S. Henry on the 23rd day of June, 1934. In order to invoke the enhanced punishment against habitual criminals authorized under Art. 63, P. C., two former convictions were alleged, one being that in May, 1931, appellant had been convicted in Montague County of the offense of burglary. (There is no question as to that conviction, hence we advert no further to same.) The other prior conviction was alleged as follows:

"And the said Grand Jurors do further present, that prior to the commission of the offense set forth in count one hereof, by the said Roscoe Arbuckle, to-wit: on January 18, 1934, in the District Court of Baylor County, Texas, in cause No. 2115 on the docket of said District Court of Baylor County, Texas, said Roscoe Arbuckle was duly and legally convicted, in said last named court, of the offense of burglary, a felony less than capital, upon an indictment then and there legally pending against him in said last named court, and of which the said court had jurisdiction."

The reference to "count one" manifestly had reference to paragraph one, in which the Henry burglary was charged. It was very difinitely alleged that the Baylor County conviction occurred prior to the commission of the Henry burglary. The Honorable Lloyd Davidson, State's Attorney for this court, very correctly confesses that the State failed to support such averment.

Before a prior conviction may be relied on to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty

"Art. 62. If it be shown on the trial of a felony less than

in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court. It is not necessary to discuss at length the two foregoing propositions or to cite authorities to support them. They are too well established by our own decisions, as well as those from other jurisdictions, to consume time or space further than to state them, and they will be referred to later only incidentally.

The proof supported the averment that the Henry burglary —the offense now being tried—was committed on *June 23, 1934.* As to the Baylor County conviction the undisputed evidence shows that on January 18, 1934, a judgment was entered in the District Court of Baylor County adjudging appellant to be guilty of burglary, from which judgment an appeal was taken to this court. Said judgment was affirmed on *October 10, 1934.* Then and not until then the conviction in Baylor County became final, and not until then did appellant become a convicted felon by reason of the prosecution in Baylor County.

It is suggested that if the Baylor County burglary was *committed* prior to the commission of the Henry burglary and the conviction in the Baylor County case had become final before *the indictment* in the Henry burglary was returned, then the Baylor County conviction could be invoked to enhance the punishment in the Henry burglary. What would appear to be a conclusive answer to said suggestion is that the facts suggested are not the averments upon which the State relied. The averment was that *"prior to the commission"* of the Henry burglary appellant had been *convicted* in Baylor County. The proof undisputably being that the judgment in Baylor County did not become final until October 10, 1934, there was *no conviction* in contemplation of the enhanced punishment statute until that date, hence there was a failure to prove the averment that such prior conviction occurred before June 23, 1934, which was the date of the Henry burglary.

Our statutes on enhanced punishment are found in Articles 61, 62 and 63 of the Penal Code, and are as follows:

"Art. 61. If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

capital that the defendant has been before convicted of the same offense or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offense in ordinary cases."

"Art. 63. Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The prior convictions referred to in each of the three articles must in principle be the same kind of convictions as regards finality, and any case which discusses the principle now under consideration is pertinent regardless under which of said articles a particular case may fall.

The first case in our own courts to which our attention has been directed, and perhaps the leading case in Texas on the subject under consideration, is Long v. State, 36 Texas, 6. There was in that case a holding, or at least, a suggestion, that the offenses of murder, and of assault with intent to murder, were not offenses of the same nature. In Strickland v. State, 115 Texas Crim. Rep., 410, 28 S. W. (2d) 818, we declined to follow that part of the Long case, but the soundness of that opinion upon the point now before us has never been questioned. Long was being prosecuted for assault to murder. The indictment contained no averment of a previous conviction, nor that the offense for which he was then being tried was committed *after the previous conviction.* Notwithstanding an absence of such averments the trial court admitted evidence of a previous conviction, and authorized enhanced punishment by reason thereof under what would now be Article 61, P. C. There is copied in the opinion the "enhanced punishment" statute then in force. Discussing the principle that "every circumstance constituting a statutory offense which would affect the degree of punishment, must be alleged in the indictment," the court analyzed the statute, and set out what was necessary to prove to entitle the State to the enhanced punishment, and what averments the indictment should contain to authorize the proof, and in connection therewith gave the court's reasons for the announcements made. The court, among other things, said:

"In the construction of this statute, though it does not say in express terms that the subsequent offense shall be committed after the conviction of the former, yet, that such was the intention, the language clearly implies. And when we look out-

side, to the general policy of this legislation, all doubt is removed as to the true meaning of this act."

The distinction between the Long case and the present one seems to be that in the former the prior conviction was proved without being alleged and in the present case it was alleged without being proven.

In Kinney's case (45 Texas Crim. Rep., 500) this court was again considering the necessary averments in an indictment to support proof authorizing enhancement of the punishment. The Long case was cited with approval. In the course of the opinion in Kinney's case it is said:

"*After* the conviction for the first offense, if the party does not reform, but persists in crime, and *commits another* offense * * * he can then be tried under such subsequent offenses and the *former* conviction can be used to enhance his punishment."

This court then goes on to point out how the former convictions should have been averred, and concludes with the following words:

"Then it would have been distinctly shown that each new act was for a subsequent offense *after* he had been convicted * * * in the preceding case. This would have constituted a good indictment, and would have been authority for increasing the punishment."

It, of course, must be understood that such would be true if the proof supported the averments.

It has been recognized that the Long case laid down the correct rule for pleading repetition of offenses, that is, that it was necessary to allege that *prior* to the commission of the *subsequent* offense accused had been *convicted* of such *prior* offense. See Wilson's Crim. Forms, 4th Ed., Sections 741 and 742, and White's Form for Indictments, under what were then Articles 1014, 1015 and 1016. It would scarcely seem necessary to say if the averment was necessary proof to support it was likewise necessary. The pleader in the present case recognized the rule, and properly plead a prior conviction, but failed to prove it.

In Muckenfuss v. State, 55 Texas Crim. Rep., 216, Judge Ramsey, writing for the court, cited with approval the Kinney case, and says that the articles of the Penal Code authorizing increased punishment, when construed in connection with other provisions of the Penal Code and Code of Criminal Procedure "is a reformatory statute, and does not warrant the cumula-

tion of a number of cases occurring simultaneously, in order to add to the punishment, of the case on trial, but contemplates an enhanced punishment for a party who, *after one conviction does not reform,* but persists in *committing other offenses* of a like character."

Reference to Section 404, 12 Tex. Jur., will reveal that the construction put upon the cases there referred to from our own court is that when prior convictions are adverted to in enhanced punishment statutes it means *final* convictions. One of the cases cited is Fetters v. State, 108 Texas Crim. Rep., 282, 1 S. W. (2d) 312. There increased punishment was sought under Art. 62 P. C. We quote from the opinion:

"The indictment alleged and the proof showed that the appellant had been convicted of burglary in the State of Oklahoma and his sentence originally suspended but afterwards revoked. Objection was made both to the presence of the allegation in the indictment and to proof of the revocation of the original suspended sentence. The term 'conviction' as used in Art. 62 of the Penal Code, *refers,* we think, to a *final conviction.* Brittian v. State, 85 Tex. Cr. R. 491. A judgment of conviction which is suspended does not become final until the suspended sentence has been revoked and is not regarded as a final judgment. Thomas v. State, 87 Tex. Cr. R. 153; Brittian v. State, 85 Tex. Cr. R. 491. It therefore follows that it was necessary for the state to allege and prove a suspension of sentence and its revocation in order to show that a *final judgment* had been entered against appellant for the crime of burglary."

In A. L. R., Vol. 58, is reported the case of the State of New York v. Gowasky (244 N. Y., 451, 155 N. E., 737). Copious notes are found in the A. L. R. on the question of enhanced penalties.

From page 41 we quote the following statement:

"Moreover, as a *general rule* under these statutes, it is a prerequisite to an enhancement of the penalty, that the *prior* conviction *precede* the *commission* of the principal offense."

From page 44 the following is taken:

"It is *held generally that,* in order that a prior conviction may constitute an element for the enhancement of the punishment on a charge of a second or subsequent offense, it must have been a final conviction, and that, where an *appeal* therefrom is pending the conviction is *not* a final conviction within the meaning of the statute."

Each of these statements is supported by cases from many states. Under the first from Texas the case of Long v. State (supra) is cited, and under the second the case of Fetters v. State (supra) from Texas, is found.

This opinion is already extending beyond pardonable limits. We pretermit reference in detail to other cases, but call attention to In re Charles Miller (Michigan, reported in 34 L. R. A., 398), for numerous notes; also Comm. v. McDermott, 24 L. R. A. (N. S.), 431, and notes thereunder; Ruling Case Law, Vol. 8, Sections 290-293 inclusive.

Not only from our own cases, but from the great weight of authorities from other jurisdictions, the conclusion is reached that the averment that appellant had been convicted in Baylor County *prior to the commission of the Henry* burglary has not been sustained by the State's proof. "Conviction" here means *fiinal* conviction, and same did not become final until October 10th, 1934, upon affirmance of the judgment. October 10th, 1934, was *subsequent* to the Henry burglary and *not prior* thereto as alleged. Hence, the State's Attorney's confession of error must be sustained, and the judgment reversed and the cause remanded.

*Reversed and remanded.*

MORROW, PRESIDING JUDGE (Concurring).—I concur in the conclusion announced by Judge Hawkins and stated in the above announced decision.

LATTIMORE, JUDGE (dissenting).—Conviction for burglary; punishment, confinement in the penitentiary for life.

The indictment herein set out that on June 23, 1934, appellant burglarized the house of Mr. Henry. To charge him as an habitual criminal it was further alleged that in May, 1931, he had been convicted of burglary in Montague County, Texas; also that in January, 1934, he had been convicted in Baylor County, Texas, of burglary. The trial court submitted to the jury the questions as to whether they found beyond a reasonable doubt that these averments were true, and the verdict was in the affirmative, and the court gave to appellant the punishment provided in Art. 63 of our Penal Code, which reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The only contention made here is that an appeal had been taken to this honorable court from the judgment of conviction in the Baylor County case, which fact appears from a bill of exceptions reserved during this trial from which it appears that following the appeal the judgment was affirmed in October, 1934. The contention is that this made untrue and ineffective the averment in the instant indictment, which was returned in January, 1935, that appellant had been convicted in said Baylor County case before he committed the Henry burglary. The proposition is novel from many angles, and careful investigation of the decisions of this court leads us to the conclusion that no opinion is to be found exactly on the point, though we find various decisions thereon in other jurisdictions, to which we shall advert.

That said statute uses the words "convicted" and "conviction" is plain. That it does not use the words "finally convicted" or "after affirmance," is equally plain. In order that rules of interpretation might be fixed and settled in regard to words used in our Codes, Arts. 7 and 8 of our Penal Code were enacted wherein it is laid down that words used in this Code, except where a word or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed; also that this Code is to be construed according to the plain import of the language in which it is written.

Probably there is no better settled fact to be deduced from an inspection of our Codes than that in almost every instance where the words "convicted" and "conviction" occur, they have reference to convictions in some trial court. Illustrative, and only to mention a few of the many, see Art. 815, C. C. P. "And such conviction is appealed from, * * * the defendant thus convicted." Like language is in Art. 816, id. Art. 817, id., lays down the form for recognizance on an appeal, and uses said words a number of times relating entirely to trial court convictions. We note that in the short space occupied by Title 10, C. C. P., said words are used approximately twenty times, and in no instance with reference to the conviction resulting from affirmance upon appeal. Illustrations might be multiplied almost indefinitely, as for instance see Sec. 4, Art. 773, C. C. P., which says: "When a person who has been convicted of felony escapes after conviction and before sentence, * * * deny that he is the person convicted," etc. The writer has

been unable to find a single instance in our Code wherein the words "convicted" or "conviction" occur where same are used with reference to the judgment after affirmance on appeal, save same be accompanied by the word "final." In addition to what we have just said, attention is called to Bouvier's Law Dictionary, 3d. Rev., at page 672, where we find the following definition of "conviction": "In Practice. That Legal proceeding of record which ascertains the guilt of the party and upon which the sentence or judgment is founded." And again "Finding a person guilty by verdict of a jury. 1 Bish. Cr. L., Sec. 223; see 45 Alb. L. J. 1," and again "In its popular sense a verdict of guilty is said to be a conviction; Smith v. Com., 14 S. & R. (Pa.) 69. In its strict legal sense it means judgment on a plea or verdict of guilty; Com. v. McDermott, 224 Pa. 363, 73 Atl. 427, 24 L. R. A. (N. S.) 431."

Further in each series of Words & Phrases many cases are cited practically from all our jurisdictions, in most of which the words under discussion are held to apply to the result of a trial in a court in which a verdict of guilty is rendered. The meaning of the word "conviction" is discussed exhaustively in Snodgrass v. State, 150 S. W. Rep., 162, in which the conclusion was reached that said word as used in Art. 4, Sec. II of our Constitution, means simply the determination of guilt by the jury, and does not embrace the sentence. In Goss v. State, 107 Texas Crim. Rep., 659, Judge Morrow speaking for the court, we said: "While in some sense the term conviction applies to a final judgment of guilty, that term, as used in our Constitution, means a verdict of guilty," and many cases are cited. The same holding is found in Duke v. State, 106 Texas Crim. Rep., 154. In Calloway v. State, 91 Texas Crim. Rep., 504, and Hill v. State, 92 Texas Crim. Rep., 312, we held that a judgment of guilty in a felony case, as that term is used in certain named sections of our Code of Criminal Procedure, had reference to the status resulting from a judgment based on the verdict of a jury finding the accused guilty of some felony.

We are not in disagreement with appellant upon the proposition that he must have been convicted of the first and second offenses alleged before he committed the third or main offense alleged. As has been said, the purpose of the enhanced penalty status is deterrent, and to that extent, and that only,—is such purpose reformatory. The statute is not based on any idea of reward for sorrow, contrition or repentance for past offenses,

but holds the threat of graver punishment before him who persists in crime after he has been convicted of prior offenses.

The finding of guilt in a trial court, the pronouncement of judgment and the solemn warning of sentence are the admonitions which, if any, the accused would heed, and not the affirmance in an appellate court merely announcing the correctness of the judgment already entered; and to hold otherwise would not only seem to arbitrarily give to the word "conviction" an unusual meaning, but also would seem to substitute shadow for substance, as far as the warning is concerned, for it would be to ignore the effect upon the accused of a conviction in a trial court where his personal appearance is imperative, where he has to face the witnesses against him, hear them detail facts showing his guilt, listen to the summing up of such facts in argument, sit while the jury file in with the announcement of their verdict, listen to same when read, and tremble when the solemn words of the sentence are uttered by the judge condemning him to penal servitude. If part of the real purpose of the statute under discussion is to warn the accused and give him notice that if he persists in crime he will be given enhanced penalty,—and we believe this to be so,—such warning comes from the conviction in the trial court and not from the judgment of affirmance,—as seems held in all the courts of this country, both state and Federal.

The appellate court pronounces no judgment of guilty, speaks no word of sentence into the ears of the accused, and is but the announcement of a far away tribunal as far as he is concerned. It seems to the writer that every consideration of reason supports the conclusion that in so far as the statute is reformatory, the conviction in a trial court is entitled to far more weight than the judgment of affirmance.

We have said there is no precedent to be found in the decisions of this State for holding with appellant's contention. We notice the cases he refers to. Long v. State, 36 Texas, 6, does not touch the point at issue between the State and appellant here, which is whether his conviction of the Baylor County crime was such conviction as is referred to in Art. 63, supra, on the date of the sentence in the trial court in January, 1934, or if it only became such conviction when his case was affirmed in October, 1934. If his conviction was of date when he was convicted in the district court in January, 1934, then the second conviction here plead and proved was proper, for it would be before he committed the Henry burglary in

June, 1934; but if he was not so convicted until judgment of affirmance was entered in October, 1934, then this prosecution must fall.

Nor does the Kinney case, 45 Texas Crim. Rep., 501, also cited, touch the point at issue in any way or shed any light on same. With the general propositions announced in said cases, to-wit: that the conviction relied on to enhance the penalty in the main case, must have been had prior to the commission of the main crime,—we are entirely in accord. What we have just said holds good, as will be seen, by an inspection of the opinion in the case of Muckenfuss v. State, 55 Texas Crim. Rep., 216. In Vol. 12, Tex. Jur., Sec. 404, we find the following:

"Furthermore, the prior conviction must have legally and finally disposed of the case in which it was obtained. The punishment cannot properly be increased if the prior judgment of conviction has been set aside on motion for a new trial, if the judgment has been reversed on appeal, or if sentence has been suspended in the prior case."

This is also cited in support of appellant's view. The cases cited by the authors of Texas Jurisprudence in support of the text are Brittian v. State, 85 Texas Crim. Rep., 491, and Fetters v. State, 108 Texas Crim. Rep., 282. The Brittian case went off on an indictment held bad for two reasons, which are not related to the matter under discussion, and the Fetters case but held that the conviction relied on as prior must be shown to have been committed before the main crime, and also to have been finally disposed of. If there be anything in either of said cases whose words or phraseology appear to support anything contended by appellant, it is clear from an inspection of the opinions that it is wholly obiter dicta, and can have no reference to the question before us here, for the cases were wholly different from the matters under discussion, and entirely foreign both on facts and in principle.

In Arnold v. State, 74 S. W. (2d) 998, we note that when the State offered in evidence certified copies of district court's judgments of conviction for the purpose of enhancing the penalty, same were objected to on the ground that such certified copies did not show that the judgments were final. We said:

"When the State offered in evidence the certified copies of the judgments of conviction, it made a prima facie case, and, if the judgments of conviction were set aside, vacated, or appealed from, it was incumbent on the appellant to show it, and

in support of our views as herein expressed we refer to the following cases, to-wit: Lasher v. State, 30 Tex. App. 387, 17 S. W. 1064, 28 Am. St. Rep. 922; Clayton v. State, 67 Tex. Cr. R. 311, 149 S. W. 119; Gould v. State, 66 Tex. Cr. R. 122, 146 S. W. 172."

As above said, we have no decision from an appellate court in this State on the point under discussion, but we find opinions of courts of last resort in other states which seem to bear on the question.

State v. Volmer, 6 Kan., 379, is a case in which the accused had been convicted in a trial court, before the second and main crime was committed, and the Supreme Court held him liable to an enhanced penalty, provided the second conviction was not finally found erroneous, and said "But said first conviction had been appealed from, and, therefore, suspended, at the time of the trial of this case. The admission in evidence of the same was erroneous."

In State v. Eisminger, 124 Kan., 464, we find the following: The record showed that Eisminger was charged with committing a crime in May, 1924. He was tried in September, 1924, and convicted. He appealed his case and it was affirmed in November, 1925. In June, 1925, he was charged as a persistent violator, the State relying on the first case in which he had been convicted and from which he had appealed to enhance the penalty. In January, 1926, he was tried on this last mentioned charge and convicted. He appealed on the ground that the State had no right to offer against him on this trial the judgment of conviction of date September, 1924, and that of the affirmance in November, 1925, for the reason that when he committed the offense in June, 1925, the first conviction was pending on appeal, and did not become final until the crime in the main case had been committed. We quote from the opinion of the Supreme Court as follows:

"The appeal of the first case did not set aside the judgment of conviction therein; it only stayed the enforcement of the sentence imposed by the judgment. (State v. Alexander, 84 Kan. 393). The conviction in the first case was complete when the court approved the verdict of guilty and pronounced judgment thereon. (Com. v. McDermott, 224 Pa. 363). * * * Furthermore, at the time of the trial of this case, the appeal in the former case had been disposed of. If there had ever been a question as to whether that conviction should stand, that question was removed before this case was tried."

In McAlister v. State, 16 Okla. Cr., 70, the case was reversed because at the time of trial of the main case the conviction in the prior case, plead to enhance the penalty, was pending on appeal. We quote what the Criminal Court of Appeals said:

"The trial court admitted in evidence * * * the record of the former conviction of the defendant in the county court, which was at the time pending on appeal in this court and undetermined. Pending appeal in this court from the judgment of the county court, which judgment was suspended by the giving of a supersedeas bond, the said conviction was not legal evidence of a prior conviction of the defendant, and the court committed reversible error, as the judgment had not become final."

This was followed and approved in Long v. State, 17 Okla. Crim., 672. These two cases are cited and followed in Nelson v. State, 216 N. W. Rep., 556, opinion by the Supreme Court of Nebraska. In White v. Com., 79 Va., 611, it is held that when the prior conviction has been appealed from by writ of error and supersedeas, still while there was unquestionably a prior conviction, yet it was equally true that the correctness of such prior conviction having been brought in question, it was wanting in that degree of conclusiveness necessary to proceed or dismiss as to the prior conviction, and that this being true a continuance should have been ordered to await the judgment of the appellate court.

In Gragg v. Com., 104 S. W. Rep., 285, the Court of Appeals of Kentucky affirmed a judgment based on a third conviction, the record showing that from one of the former convictions an appeal was pending, the court holding, first, that it was not necessary for the indictment to allege that the appealed case had not been vacated, set aside or reversed, it being the duty of the accused to so show in such case, and, second, that the testimony sufficiently showed that the accused had twice been convicted of a felony. That the accused must show as a matter of defense that the former conviction has been set aside, or reversed on appeal. This is likewise the rule in West Virginia and other states, but that question is not here involved, but the cases are cited but to show that in the opinion of the appellate courts of said states the term "conviction" as used in their statutes is of similar import to ours and is understood and held to mean the conviction in the trial court.

In Tall v. Com., 110 S. W. Rep., 425, the Court of Appeals

of Kentucky held as follows: "It will be seen from this language that it is the conviction of former felonies that authorizes the life penalty, and the evidence of former convictions is limited, in our opinion, to the verdict and judgment of conviction and the sentence, and proof that the defendant is the same person."

In Johnson v. Com., 272 S. W. Rep., 428, the same learned court, speaking of what was necessary for the State to do upon trial of a case such as this, said: "All the Commonwealth had to do was to identify the defendant, to introduce the indictment or warrant in the former case, and the record showing trial and conviction thereunder. That is all that should have been done. If judgment had been modified in any way, that is a matter of defense." See also Stamforth v. State, 24 Ohio App., 208; Williams v. State, 125 Miss., 347. In State v. Gani, 157 La., 231, it is held that to be used to enhance the penalty, the judgment of prior conviction must have been made final either by reason of no appeal, or a showing that it had been affirmed prior to the time of the trial of the main case. See also Nelson v. State, 216 N. W. Rep., 216; State v. Fagan, 64 N. H., 431; Smith v. State, 75 Fla., 468. Further citation of authorities seems needless.

This appellant when indicted and tried and convicted in this case in 1935, was shown without dispute to have been tried twice before the commission of the Henry burglary of felonies less than capital, which convictions were final before he was indicted, tried and convicted for the offense of said Henry burglary, and given the penalty enhanced by the prior convictions.

My Brethren of the court are of opinion that each of the two prior offenses must not only have been committed, but must also have been finally disposed of, before the commission of the third offense, in order for Art. 63, P. C., to have application. Not being able to agree with them, and believing the principle important, I respectfully record my dissent.