PD-0122-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/16/2015 11:18:18 AM
Accepted 7/16/2015 11:56:50 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

| | | |
|---|---|---|
| **ERIC DWAYNE STEVENSON,** | § | |
| **APPELLANT** | § | |
| | § | |
| **v.** | § | **NO. PD-0122-15** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **APPELLEE** | § | |

*ON DISCRETIONARY REVIEW FROM CAUSE NUMBER 02-13-00537-CR IN THE COURT OF APPEALS FOR THE SECOND APPEALS DISTRICT OF TEXAS.*

§ § §

## STATE'S BRIEF ON THE MERITS

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction

STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas   76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 04556510
COAAppellatealerts@tarrantcountytx.gov

LISA MCMINN
State Prosecuting Attorney
Austin, Texas

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................ii

STATEMENT OF THE CASE ...............................1

STATEMENT OF FACTS .................................3

SUMMARY OF STATE'S REPLIES ..........................7

STATE'S REPLY TO APPELLANT'S FIRST GROUND FOR REVIEW:
  DOUBLE JEOPARDY ...................................9

   A    Allowable Units of Prosecution ...............11
   B.   Units of Prosecution Shown ...................15
   C.   Conclusion ...................................16

STATE'S REPLY TO APPELLANT'S SECOND GROUND FOR REVIEW:
  TRIAL COURT JURISDICTION ..........................17

STATE'S REPLY TO APPELLANT'S THIRD GROUND FOR REVIEW:
  DENIAL OF MOTION TO QUASH INDICTMENT ..............21

STATE'S REPLY TO APPELLANT'S FOURTH GROUND FOR REVIEW:
  DENIAL OF DIRECTED VERDICT ........................24

STATE'S REPLY TO APPELLANT'S FIFTH GROUND FOR REVIEW:
  EXCLUSION OF EVIDENCE .............................27

CONCLUSION AND PRAYER ..............................30

CERTIFICATE OF SERVICE .............................30

CERTIFICATE OF COMPLIANCE ..........................31

# INDEX OF AUTHORITIES

CASES                                                    PAGES

Arbuckle v. State,
  132 Tex. Crim. 371, 105 S.W.2d 219
  (Tex. Crim. App. 1937)..............................18

Bays v. State,
  396 S.W.3d 580 (Tex. Crim. App. 2013)..............28

Boykin v. State,
  818 S.W.2d 782 (Tex. Crim. App. 1991)..............19

Brown v. Ohio,
  432 U.S. 161, 97 S.Ct. 2221
  53 L.Ed.2d 187 (1977)..............................10

Crabtree v. State,
  389 S.W.3d 820 (Tex. Crim. App. 2012)..............28

Ex parte Benson,
  459 S.W.3d 67 (Tex. Crim. App. 2014)...............10

Fletcher v. State,
  214 S.W.3d 5 (Tex. Crim. App. 2007)................17

Gonzales v. State,
  304 S.W.3d 838 (Tex. Crim. App. 2010)..............12

Hardy v. State,
  187 S.W.3d 232 (Tex. App. -- Texarkana
  2006, pet. refused)................................29

Huffman v. State,
  267 S.W.3d 902 (Tex. Crim. App. 2008)..............11

In re Commitment of Fisher,
  164 S.W.3d 637 (Tex. 2005)...........................18

In re Commitment of Lowe,
  151 S.W.3d 739 (Tex. App. - Beaumont
  2004, pet. denied).............................19, 26

In re Commitment of Richards,
  202 S.W.3d 779 (Tex. App. – Beaumont
  2006, pet. denied)..................................18

In re Commitment of Stevenson,
  2013 WL 5302591 (Tex. App. – Beaumont
  September 19, 2013, no pet.)....................3, 18

Jones v. State,
  323 S.W.3d 885 (Tex. Crim. App. 2010).......11, 13, 14

Long v. Castle Tex. Prod. Ltd. P'ship,
  426 S.W.3d 73 (Tex. 2014)...........................18

Miller v. State,
  333 S.W.3d 352 (Tex. App. - Fort Worth
  2010, pet. refused).................................22

Rodriquez v. State,
  227 S.W.3d 842 (Tex. App. – Amarillo
  2007, no pet.)......................................28

Rotenberry v. State,
  245 S.W.3d 583 (Tex. App. - Fort Worth
  2007, pet. refused).................................22

Smith v. Doe,
  538 U.S. 84, 123 S.Ct. 1140
  155 L.Ed.2d 164 (2003)..............................13

Smith v. State,
  2014 WL 4460420 (Tex. App. – Beaumont
September 10, 2014, no pet.) ........................ 23

Speights v. State,
  ___ S.W.3d ___, 2015 WL 3988969
  (Tex. Crim. App. July 1, 2015) .................... 10

Stevenson v. State,
  2015 WL 221816 (Tex. App. – Fort Worth
  January 15, 2015, pet. granted) ................... 1

Thomas v. State,
  454 S.W.3d 660 (Tex. App. – Texarkana
  2014, pet. refused) .............................. 12

Young v. State,
  341 S.W.3d 417 (Tex. Crim. App. 2011) ............. 12

CONSTITUTION & STATUTES

U.S. Const. amend. V ................................ 9

Tex. Code Crim. Proc. art. 11.07 §3(a) ............. 20

Tex. Health & Safety Code §841.081(a) ......... 19, 26

Tex. Health & Safety Code §841.085(a) .......... passim

Tex. Health & Safety Code §841.146(b) .............. 18

Tex. Penal Code §12.42(a)-(d) .............. 20, 28, 29

RULES

Tex. R. App. P. 9.4(e) ............................. 31

Tex. R. App. P. 9.4(i) ...............................31

Tex. R. App. P. 25.1(h) .............................18

Tex. R. Evid. 401 ...............................28, 29

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

ERIC DWAYNE STEVENSON,       §
    *APPELLANT*       §
           §
V.       §       NO. PD-0122-15
           §
THE STATE OF TEXAS,       §
    *APPELLEE*       §

*ON DISCRETIONARY REVIEW FROM CAUSE NUMBER 02-13-00537-CR IN THE COURT OF APPEALS FOR THE SECOND APPEALS DISTRICT OF TEXAS.*

TO THE HONORABLE COURT OF APPEALS:

STATEMENT OF THE CASE

The appellant was convicted of three counts of violating the civil commitment requirements for sexually violent predators. (C.R. I:109-11). The jury found the repeat offender notice to be true, and sentenced him to seventeen years' confinement and a $5000 fine for each count. (C.R. I:116-18).

The Court of Appeals for the Second District of Texas overruled the appellant's five points of error and affirmed his conviction. *Stevenson v. State*, 2015 WL 221816 at *1-2 (Tex. App. – Fort Worth January 15,

1

2015, pet. granted) (not designated for publication).

On April 29, 2015, this Court granted the appellant's petition for discretionary review on the following issues:

1. Are the appellant's convictions in each count the same offense for double jeopardy purposes?

2. Did the trial court have jurisdiction because the appeal from his commitment order was still pending at the time of trial?

3. Did the trial court improperly deny the appellant's motion to quash his indictment because the appeal from his commitment order was still pending at the time of trial?

4. Did the trial court improperly deny the appellant's motion for directed verdict because the appeal from his commitment order was still pending at the time of trial?

5. Did the trial court improperly exclude evidence that his commitment order was still on appeal?

*Stevenson v. State*, No. PD-0122-15 (notice).

2

## STATEMENT OF FACTS

On September 14, 2011, the appellant was found by a jury to be a sexually violent predator. (R.R. IV:38, 42, VIII:State's Exhibit #2). The trial court entered a final judgment and order of civil commitment for outpatient treatment against him. (R.R. IV:38, 42, VIII:State's Exhibits #1 & 2).[1] The trial court ordered that the appellant's civil commitment begin upon his release from the Texas Department of Criminal Justice. (R.R. IV:38, 42, VIII:State's Exhibit #2).

Under the terms of his civil commitment, the appellant was ordered to:

- Reside in a residential facility under contract with the Office of Violent Sex Offender Management;

- Participate in and comply with the course of treatment provided by the Office;

---

[1]   The Court of Appeals for the Ninth District of Texas affirmed the appellant's final judgment and civil commitment order on September 19, 2013. See *In re Commitment of Stevenson*, 2013 WL 5302591 (Tex. App. – Beaumont September 19, 2013, no pet.) (not designated for publication).

- Comply with all written requirements of the Office and his case manager; and

- Submit to tracking under a global positioning satellite (GPS) monitor or other monitoring system and not tamper with, alter, modify, obstruct or manipulate the GPS monitor frequency and comply with all written monitor system requirements.

(R.R. IV:38, 42, VIII:State's Exhibit #1).

On December 27, 2011, the appellant was assigned to a transitional living center in Fort Worth for his outpatient treatment program. (R.R. IV:37, 55). The appellant received the supervision requirements that:

- He wear a wearable miniature tracking device (WMTD) twenty-four hours a day, seven days a week;

- He remain on home confinement twenty-four hours a day, seven days a week, unless given permission to leave; and

- He not have any contact with family members, casual relations, or friends unless approved by his case manager and treatment provider.

(IV:37, 39-44, VIII:State's Exhibit #3 [requirements 1 & 10], State's Exhibit #4 [requirement 28]).

The appellant received his treatment program

4

conditions and requirements that:

- He could be terminated from the program if he failed to make progress;

- He could be discharged from the program if he did not follow the rules of civil commitment, including supervision and treatment; and

- He was required to actively participate in and successfully complete the Outpatient Sexually Violent Predator Treatment Program.

(R.R. IV:143-45, VIII:State's Exhibit #5 [requirements 1, 4 & 8]).

On February 26, 2012, the appellant removed his tracking device and left the transition center without permission.  (R.R. IV:45-46, 47-48).  He was located his girlfriend's apartment.  (R.R. IV:94-95).  The appellant had not been approved to have contact with family or friends, or to meet with his girlfriend. (R.R. IV:49-51, IV:150-151).

The appellant had not been making progress in his treatment.  (R.R. IV:166-67).  Specifically:

- He had a difficult time being open;

- He was not cooperative;

5

- In group sessions, he would laugh, make light of the conversation, and did not appreciate the serioussness of the discussion; and

- He commented that "people don't need to get into his business".

(R.R. IV:153, 155-57, 167-71).

The appellant was discharged from the outpatient treatment program after he absconded from the transition center. (R.R. IV:169-172, VIII:State's Exhibit #7). His treatment provider believed that he lacked commitment to treatment, and is dangerous due to his highly impulsive nature and his inability to weigh the consequences of his actions. (R.R. IV:168-71).

SUMMARY OF THE STATE'S REPLIES

*Double Jeopardy*:

Each violation of the civil commitment requirements is an allowable unit of prosecution. The appellant's three convictions do not violate his double jeopardy protection against multiple punishments.

*Jurisdiction*:

Civil commitment orders are effective immediately. A prosecution for violating its requirements may occur despite a pending appeal of that order.

*Indictment:*

The pendency of an appeal challenging a civil commitment order is not relevant to the validity of an indictment for violation its requirements.

*Directed Verdict:*

Civil commitment orders are effective immediately. The conclusion of an appeal challenging that order is

not an element of prosecution for violating its requirements.

*Exclusion of Evidence:*

The "finality" of a civil commitment order is a question of law for the trial court. It is not relevant to any question of fact for the jury.

## STATE'S REPLY TO APPELLANT'S FIRST GROUND FOR REVIEW:

## DOUBLE JEOPARDY

Appellant's Contention:

The appellant contends that his three convictions are the same offense for double jeopardy purposes.

State's Reply:

Each violation of the civil commitment requirements is an allowable unit of prosecution. The appellant's three convictions do not violate his double jeopardy protection against multiple punishments.

Arguments and Authorities:

The United States Constitution guarantees that a person shall not "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee protects a defendant against:

(1) A second prosecution for the same offense after acquittal;

9

> (2) A second prosecution for the same offense
>     after conviction; and
>
> (3) Multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Speights v. State*, ___ S.W.3d ___, 2015 WL 3988969 at *2 (Tex. Crim. App. July 1, 2015).

What constitutes the "same offense" for multiple punishment purposes is strictly a matter of legislative intent; that is, how many different offenses or units of prosecution did the Legislature contemplate for which an accused should be susceptible to punishment. *Speights v. State*, 2015 WL 3988969 at *2. A "units of prosecution" analysis consists of two parts:

> (1) What the allowable unit of prosecution is?
>
> (2) How many units have been shown?

*Speights v. State*, 2015 WL 3988969 at *2; *Ex parte Benson*, 459 S.W.3d 67, 73-74 (Tex. Crim. App. 2014). Absent an explicit statement defining the allowable unit of prosecution, the best indicator of legislative

intent is the focus or "gravamen" of the offense. *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

## A.  Allowable Units of Prosecution

The Texas Health and Safety Code provides that a person commits a criminal offense if, after having been adjudicated and civilly committed as a sexually violent predator, he violates a civil commitment requirement imposed under section 841.082(a). Tex. Health & Safety Code §841.085(a).

Under the "eighth grade grammar" approach for determining legislative intent, the statutory language that constitutes the "gravamen" of an offense is the subject, the main verb, and the direct object. See *Jones v. State*, 323 S.W.3d at 890-91; *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008). In section 841.085(a), the subject of the statute is "a person", the verb is "violates", and the direct object is "a civil commitment requirement". See Tex. Health & Safety Code §841.085(a). Thus, the "gravamen" of

11

section 841.045 is the defendant violating his civil commitment requirements or the nature of his conduct.

In "nature of conduct" offenses, each separately defined act within a statute typically evinces a legislative intent that the act be construed to constitute separate offenses and not merely different manners and means for committing a single offense. Gonzales v. State, 304 S.W.3d 838, 847 (Tex. Crim. App. 2010). Thus, multiple violations of the civil commitment requirements constitute multiple offenses or units of prosecution.

While the Court has not yet addressed this precise issue, an apt comparison can be made to the sexual offender registration cases where each violation of the sexual offender registration requirements can be a separate unit of prosecution. See Young v. State, 341 S.W.3d 417, 426-27 (Tex. Crim. App. 2011) (each failure to comply with the change of residence notification is a separate offense); Thomas v. State, 454 S.W.3d 660, 664 n.1 (Tex. App. – Texarkana 2014, pet. refused)

(each change of address is an allowable unit of prosecution since a sex offender has a duty to report a change of address to the proper authorities both before and after a move).[2] See also *Jones v. State*, 323 S.W.3d at 889 (in "false statement to obtain property or credit" cases, the "gravamen" is the act of making a materially false statement; thus, multiple false statements give rise to multiple offenses even if made in connection with only one credit application).

Additionally, the express language in section 841.085(a) criminalizes the violation of "a civil commitment requirement". See Tex. Health & Safety Code §841.085(a). A legislative reference to an item in the singular suggests that each instance that item occurs is a separate unit of prosecution. *Jones v. State*, 323 S.W.3d at 891. As this Court pointed out:

---

2    Contrary to the appellant's claim, nothing in *Smith v. Doe* appears to limit the units of prosecution which might arise from a defendant's failure to comply with his sexual offender registration requirements. See *Smith v. Doe*, 538 U.S. 84, 101-02, 123 S.Ct. 1140, 1152, 155 L.Ed.2d 164 (2003).

13

> [O]ther jurisdictions have employed what is sometimes known as the "a/any test": The use of "a" before the proscribed conduct means that the statute unambiguously proscribes each instance of the conduct while the use of "any" is ambiguous, and may or may not proscribe each instance of conduct, depending on the context of the entire statute. One court has criticized the employment of this test while another has cautioned that the "test" is a "valuable but nonexclusive means to assist courts in determining the intended unit of prosecution" that should not be applied "mechanistically." We do not adopt the "a/any" test as a strict rule, but we find it to be a helpful tool in statutory analysis. The presence of "a" before the term "materially false or misleading statement" in §32.32 is at least some indication that each "materially false or misleading statement" constitutes a separate unit of prosecution.

*Jones v. State*, 323 S.W.3d at 891-92 (citations omitted). Thus, the Legislature's use of "a" before the term "civil commitment requirement" in section 841.085(a) indicates that each violation constitutes a separate unit of prosecution.

In sum, this offense's "gravamen" is each unique violation of a civil commitment requirement; as such, each violation is an allowable unit of prosecution.

## B.  Units of Prosecution Shown

The appellant's civil commitment required that:

- He wear a wearable miniature tracking device (WMTD) twenty-four hours a day, seven days a week;

- He remain on home confinement twenty-four hours a day, seven days a week, unless given permission to leave;

- He not have any contact with family members, casual relations, or friends unless approved by his case manager and treatment provider; and

- He actively participate and make progress in his outpatient treatment program.

(VIII:State's Exhibit #3 [requirements 1 & 10], State's Exhibit #4 [requirement 28], State's Exhibit #5 [requirements 1 & 8]).

The evidence showed that:

- On February 26, 2012, the appellant removed his tracking device and left the transition center without approval.  (R.R. IV:45-46).

- The appellant was found at his girlfriend's apartment when he had not been approved for contact with his girlfriend.  (R.R. IV:49-51, 94-95, 150-51).

- The appellant was discharged from the treatment program for lack of progress; specifically, he

15

was not cooperative and did not treat the program seriously. (R.R. IV:153, 155-57, 167-72, VIII:State's Exhibit #7).

Thus, the evidence supports the jury's finding that the appellant violated at least three requirements of his civil commitment. (C.R. I:105-11, R.R. V:35-36).

## C.  Conclusion

The appellant's conviction for three separate violations of his civil commitment requirements does not violate his double jeopardy protection against multiple punishments because each violation was an allowable unit of prosecution and supported by the evidence.

The appellant's first ground for review should be denied.

## STATE'S REPLY TO APPELLANT'S SECOND GROUND FOR REVIEW:

## TRIAL COURT JURISDICTION

Appellant's Contention:

The appellant contends that the trial court lacked jurisdiction over this prosecution because his appeal from his civil commitment order was still pending.

State's Reply:

Civil commitment orders are effective immediately. A prosecution for violating its requirements may occur despite a pending appeal of that order.

Arguments and Authorities:

In criminal cases, a conviction from which an appeal has been taken is not considered to be a final conviction until that conviction is affirmed by the appellate court and mandate is issued. *Fletcher v. State*, 214 S.W.3d 5, 6 (Tex. Crim. App. 2007). This criminal-case finality rule derives from specific

statutory authority.  See *Arbuckle v. State*, 132 Tex. Crim. 371, 105 S.W.2d 219 (Tex. Crim. App. 1937) *(*referencing Tex. Penal Code 1925 arts. 61-63).[3]

A sexually violent predator commitment proceeding, however, is not criminal matter.  *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005) (sexually violent predator commitment proceedings are a civil matter).  A civil commitment proceeding is subject to the rules of procedure and appeal for civil cases.  *In re Commitment of Richards*, 202 S.W.3d 779, 787 (Tex. App. – Beaumont 2006, pet. denied); Tex. Health & Safety Code §841.146(b).

In civil cases, a judgment's finality is context-dependent.  See *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014).  Filing a notice of appeal does not automatically suspend the enforcement of a civil judgment.  Tex. R. App. P. 25.1(h).  This

---

3    The State does not dispute that the appellant's civil commitment appeal was still pending when he violated its requirements.  See *In re Commitment of Stevenson*, 2013 WL 5302591 (Tex. App. – Beaumont September 19, 2013, no pet.) (not designated for publication).

Court should instead look at the statutory language.

The Texas Health and Safety Code expressly states:

> The commitment order is effective immediately on entry of the order.

Tex. Health & Safety Code §841.081(a). This language suggests that the Legislature intended for the civil commitment requirements to have immediate effect and immediate consequences for any violation. See *In re Commitment of Lowe*, 151 S.W.3d 739, 743 (Tex. App. - Beaumont 2004, pet. denied) (a civil commitment order is effective even while the case is on appeal). Legislative interpretation does not generally allow the Court to ignore express statutory language. See *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute).

Furthermore, section 841.085 does not use the term "final"; rather, it states "after having been

19

adjudicated and civilly committed as a sexually violent predator under this chapter". See Tex. Health & Safety Code §841.085(a). By contrast, other criminal statutes, such as the repeat offender statutes and the habeas corpus statute refer to "final convictions" or a defendant being "finally convicted". See Tex. Penal Code §12.42(a)-(d); Tex. Code Crim. Proc. art. 11.07 §3(a). The absence of any "finality" language reinforces that the Legislature intended for the civil commitment requirements to have immediate effect.

In sum, given the civil commitment order's immediate effect, the trial court had jurisdiction over this prosecution despite the order's pending appeal.

The appellant's second ground for review should be denied.

STATE'S REPLY TO APPELLANT'S THIRD GROUND FOR REVIEW:

DENIAL OF MOTION TO QUASH INDICTMENT

Appellant's Contention:

The appellant contends that the trial court improperly denied his motion to quash his indictment because his civil commitment order was pending appeal.

State's Reply:

The pendency of an appeal challenging a civil commitment order is not relevant to the validity of an indictment for violation its requirements.

Arguments and Authorities:

The appellant filed a pre-trial motion to quash his indictment because his civil commitment order was pending appeal when he violated its requirements. (C.R. I:50-52). The trial court denied this motion. (R.R. II:10).

In evaluating the denial of a motion to quash, an

indictment should be analyzed to determine whether it states on its face the facts necessary to allege that an offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he has been charged. *Rotenberry v. State*, 245 S.W.3d 583, 586 (Tex. App. - Fort Worth 2007, pet. refused). The indictment herein, on its face:

- Identifies the appellant as the defendant;

- Identifies the sexually violent predator judgment and civil commitment by date and cause number; and

- Identifies how and when the appellant intentionally or knowingly violated its requirements.

(C.R. I:6-8). Thus, it provided the appellant with the requisite notice.

Whether a defendant must comply with a civil commitment order still pending appeal is not relevant to the issue of whether an indictment should be quashed. See *Miller v. State*, 333 S.W.3d 352, 358

22

(Tex. App. - Fort Worth 2010, pet. refused) (appellant's defense that he was confined when he violated the civil commitment order was irrelevant to whether the trial court should have granted a motion to quash); *Smith v. State*, 2014 WL 4460420 at \*1 (Tex. App. - Beaumont September 10, 2014, no pet.) (not designated for publication) (argument that defendant was not required to comply with civil commitment order still pending appeal is a defensive theory and not relevant to whether indictment should be quashed). Thus, the trial court properly denied the appellant's motion to quash his indictment.

The appellant's third ground for review should be denied.

STATE'S REPLY TO APPELLANT'S FOURTH GROUND FOR REVIEW:

DENIAL OF MOTION FOR DIRECTED VERDICT

Appellant's Contention:

The appellant contends that the trial court improperly denied his motion directed verdict.

State's Reply:

Civil commitment orders are effective immediately. The conclusion of an appeal challenging that order is not an element of prosecution for violating its requirements.

Arguments and Authorities:

The appellant moved for a directed verdict on the basis that his civil commitment order was not final since it was still pending appeal when he violated its requirements. (R.R. V:8-10). The trial court denied this motion. (R.R. V:10).

The civil commitment violation prosecution statute

24

does not use the term "final" or "finally" in describing the civil commitment order. See Tex. Health & Safety Code §841.085(a). It simply requires that the State prove that the defendant had been adjudicated and civilly committed as a sexually violent predator when he violated his commitment requirements. See Tex. Health & Safety Code §841.085(a).

The State proved both these elements by showing that:

- The appellant was adjudicated as a sexually violent predator and civilly committed on September 14, 2011. (R.R. IV;38, 42, VIII:State's Exhibits #1 & 2).

- The appellant violated its requirements when:

    ▪ He removed his tracking device and left the transition center without approval. (R.R. IV:45-46);

    ▪ He was located at his girlfriend's apartment with whom he had not been approved to have contact. (R.R. IV:49-51, 94-95, 150-51); and

    ▪ He was discharged from the treatment program for not being cooperative or treating the program seriously. (R.R. IV:153, 155-57, 167-72, VIII:State's

Exhibit #7).

Thus, the trial court properly denied the appellant's motion for directed verdict.

Furthermore, as previously addressed, the statutory language clearly indicates that the Legislature intended for the civil commitment requirements to have immediate effect and immediate consequences for any violation. See Tex. Health & Safety Code §841.081(a); *In re Commitment of Lowe*, 151 S.W.3d at 743.

The appellant's fourth ground for review should be denied.

## STATE'S REPLY TO APPELLANT'S FIFTH GROUND FOR REVIEW:

## EXCLUSION OF EVIDENCE

Appellant's Contention:

The appellant contends that the trial court improperly excluded evidence that his civil commitment order was pending appeal.

State's Reply:

The "finality" of a civil commitment order is a question of law for the trial court.  It is not relevant to any question of fact for the jury.

Arguments and Authorities:

The trial court excluded evidence that the appellant's civil commitment order was pending appeal when he violated its requirements on the State's relevance objection.  (R.R. IV:68, 79).

Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. Statutory interpretation, however, is a question of law. *Bays v. State*, 396 S.W.3d 580, 584 (Tex. Crim. App. 2013). Questions of law are to be determined by the trial court and not by a jury. *Crabtree v. State*, 389 S.W.3d 820, 853 n.39 (Tex. Crim. App. 2012).

Since the legal status of the appellant's civil commitment order was a question of law, the trial court properly excluded evidence that the commitment order was pending appeal as irrelevant to any issue before the jury. Compare *Rodriquez v. State*, 227 S.W.3d 842, 844 (Tex. App. – Amarillo 2007, no pet.) (trial court properly denied the jury opportunity to decide whether a New Mexico offense was substantially similar to various statutory crimes mandating a life sentence under Texas Penal Code §12.42(c)(2)(B) since whether they are substantially similar is a question of law involving the interpretation of the respective

statutes); *Hardy v. State*, 187 S.W.3d 232, 236 (Tex. App. -- Texarkana 2006, pet. refused) (comparing two statutes to determine their similarity under Texas Penal Code §12.42(c)(2)(B) is a question of law to be determined by the trial court and not the jury).

Furthermore, as previously addressed, the State is not required to prove "finality".  See Tex. Health & Safety Code §841.085(a) (State must prove that defendant had been adjudicated and civilly committed as a sexually violent predator when he violated his commitment requirements).  Thus, evidence regarding the civil commitment order's appellate status is irrelevant to any consequential fact for the jury consideration in determining whether the appellant violated the order's requirements.  See Tex. R. Evid. 401.

The appellant's fifth ground for review should be denied.

## CONCLUSION AND PRAYER

The Court of Appeals properly upheld the appellant's conviction and sentence. Therefore, the State prays that its judgment be upheld.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction

/s/ Steven W. Conder
STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 24073106
COAAppellatealerts@tarrantcountytx.gov

LISA MCMINN
State Prosecuting Attorney
Austin, Texas

## CERTIFICATE OF SERVICE

True copies of the State's brief have been electronically served on opposing counsel, the Hon.

30

Scott Walker (scott@lawyerwalker.com), 222 W. Exchange Avenue, Fort Worth, Texas 76164; and the State Prosecuting Attorney, the Hon. Lisa McMinn (information@spa.texas.gov), P.O. Box 13046, Austin, Texas 78711-3046, on this, the 16th day of July, 2015.

/s/ Steven W. Conder
STEVEN W. CONDER

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e). It has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document complies with the word-count limitations of Tex. R. App. P. 9.4(i). It contains approximately 3557 words, excluding those parts exempted, as computed by Microsoft Office Word 2010.

/s/ Steven W. Conder
STEVEN W. CONDER

c18.stevenson eric dwayne.br/cca

31