

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0543-14

### BILLY WAYNE SPEIGHTS, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

**YEARY, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant was convicted of two counts of indecency with a child—one count of indecency by contact and one count of indecency by exposure. On appeal he contended that his conviction for indecency with a child by exposure improperly subjected him to double jeopardy. *Speights v. State*, No. 06-12-00137-CR, 2014 WL 1246074, at *7 (Tex. App.—Texarkana Mar. 26, 2014) (not designated for publication). The court of appeals

agreed and seemed to hold—categorically—that the offense of indecency by exposure "would necessarily be subsumed" within the offense of indecency by contact. *Id*. at *9-10. We granted the State Prosecuting Attorney's (SPA) petition for discretionary review to decide whether, for purposes of the Double Jeopardy Clause, indecency by exposure is "necessarily subsumed" within indecency by contact when, during the same incident, the defendant first exposes himself and masturbates in front of the child victim and then causes the child victim to touch his penis.[1] We now reverse the court of appeals's judgment.

## BACKGROUND

Appellant was charged by an indictment with three offenses: 1) aggravated sexual assault of a child;[2] 2) indecency with a child by sexual contact and; 3) indecency with a child by exposure, all perpetrated against S.O., a child younger than seventeen.[3] With respect to

---

[1] The SPA's petition presents two issues: (1) "Is the subsumption theory of *Patterson v. State*[, 152 S.W.3d 88 (Tex. Crim. App. 2004)] still valid in light of this Court's more recent case law?," and (2) "If *Patterson* is still valid, is indecency by exposure incident to and subsumed by indecency by contact when the defendant masturbates in front of the victim and causes the victim to touch the defendant's penis?"

[2] Appellant was also convicted of the aggravated sexual assault against the same child victim, and the jury assessed a sixty year sentence for that offense. But, according to the evidence at trial, this offense occurred on a different date than the two instances of indecency with a child. Appellant does not complain about the aggravated sexual assault conviction in this petition for discretionary review.

[3] As of the time Appellant committed these offenses, in 2007, TEX. PENAL CODE § 21.11 read:

(a)     A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or

the charge of indecency by contact, Appellant was alleged to have engaged in sexual contact with S.O. by causing S.O. to touch Appellant's genitals. As for the indecency by exposure, Appellant was charged with exposing his genitals knowing that S.O. was present. Although the indictment alleged that these two indecency offenses occurred "on or about" different dates, the evidence at trial provided only one occasion that could have given rise to both the contact and the exposure charges.

At trial, Nora Mitchell, S.O.'s custodial guardian, testified that S.O. told her that, on that particular occasion, Appellant had taken S.O. into the bathroom and "played with him while he was playing with himself." Karrah Dickeson, S.O.'s assault counselor, testified that S.O. described the same bathroom incident to her in this way: "Billy [Appellant] was playing with himself and then he played with me." For his part, when S.O. was asked about the bathroom incident, he testified that Appellant had pulled his penis out and made S.O. touch it. Although the record is no more enlightening than this regarding how much time passed

---

opposite sex, the person:

(1) engages in sexual contact with the child or causes the child to engage in sexual contact; or

(2) with intent to arouse or gratify the sexual desire of any person:

 (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or

 (B) causes the child to expose the child's anus or any part of the child's genitals.

between the initial exposure and the contact, there is at least some basis in this testimony for the jury to conclude that Appellant exposed himself in front of S.O., initially masturbated himself, and only then did he cause S.O. to touch his (Appellant's) penis. The jury returned a verdict finding Appellant guilty of both indecency charges. It then assessed a twenty-year sentence for the indecency by contact offense, and a ten-year sentence for the indecency by exposure offense.

On appeal, Appellant claimed that, consistent with double jeopardy principles, he could not be punished for both indecency with a child by contact and indecency with a child by exposure stemming from the same incident. *Speights*, 2014 WL 1246074, at *7. The court of appeals ultimately agreed. First, the court of appeals noted Appellant had not raised any objection in the trial court to multiple punishments. *Id*. at *8. But, recognizing this Court's holding that, "when a double-jeopardy violation is clearly apparent from the face of the record, it can be raised for the first time on appeal[,]" the court of appeals reached the merits of Appellant's jeopardy claim. *Id*. The court of appeals concluded that, because "[e]xposure of [Appellant's] genitals" during the same criminal act "would be necessarily subsumed within the count[] alleging . . . indecency with a child by contact as alleged[,]" punishment for both indecency by exposure and indecency by contact was constitutionally intolerable. *Id*. at *9-10. Consequently, the court of appeals rendered a judgment of acquittal on the charge of indecency by exposure. *Id*. at *10. In her petition for discretionary review, the SPA

argues that this holding cannot be squared with our recent precedents, most pointedly, *Loving v. State*, 401 S.W.3d 642 (Tex. Crim. App. 2013). We agree.

## ANALYSIS

### Multiple Punishments: Same Statute

The constitutional proscription against double jeopardy provides three types of protection: 1) protection against a second prosecution for the same offense after an acquittal; 2) protection against a second prosecution for the same offense following a conviction; and 3) protection against multiple punishments for the same offense. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). This case involves a claim relating to the third of these protections, multiple punishments. We have said that what constitutes the "same" offense for double jeopardy purposes in the multiple-punishments context is strictly a matter of legislative intent: how many different offenses did the Legislature contemplate an accused should be susceptible to being punished for? *Id.*; *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010). We have also said that the Legislature's intent concerning multiple punishments for different offenses defined within the same statute can be ascertained by resort to a "unit[s] of prosecution" analysis. *Garfias*, 424 S.W.3d at 58 (footnotes omitted).

### Units of Prosecution: The *Benson* Test

In the recent case of *Ex parte Benson*, we described the analysis for determining allowable units of prosecution in this way:

A "units" analysis consists of two parts: (1) what the allowable unit of

prosecution is, and (2) how many units have been shown. The first part of the analysis is purely a question of statutory construction and generally requires ascertaining the focus or gravamen of the offense. The second part requires an examination of the trial record, which can include the evidence presented at trial.

459 S.W.3d 67, 73-74 (Tex. Crim. App. 2015). What conclusion does this analysis generate in the instant case?

*Benson* **Part One: What are the Allowable Units of Prosecution Under the Statute?** Appellant complains that he was improperly punished under two subsections of the same statutory provision: Section 21.11(a)(1) and Section 21.11(a)(2)(A) of the Texas Penal Code. In a multiple punishments analysis such as this one, "the protection against double jeopardy is not violated if the [the Legislature intended that the] offenses constitute separate allowable units of prosecution." *Ex parte Benson*, 459 S.W.3d at 73. *See also*, *Maldonado v. State*, ___ S.W.3d ___, No. PD-0542-14, 2015 WL 2251205, at *6 (Tex. Crim. App. May 13, 2015) (Keller, P.J., concurring). With respect to the first part of the *Benson* analysis, we have previously addressed the question of legislative intent with respect to allowable units of prosecution in Section 21.11 of the Penal Code. In *Loving v. State*, we held that "the gravamen of the indecency-with-a-child statute is the nature of the prohibited conduct, regardless of whether the accused is charged with contact or exposure[.]" 401 S.W.3d at 649. We concluded that the Legislature intended that a defendant should be susceptible to punishment for each—even when, as in Appellant's case, "the exposure precedes the

contact[.]" *Id*. at 644, 649.[4]

Contrary to the apparent assumption of the court of appeals in this case, "exposure" under Section 21.11(a)(2)(A), is not "necessarily subsumed" within "sexual contact" under Section 21.11(a)(1). *Speights*, 2014 WL 1246074, at *9. For purposes of our Indecency with a Child statute, "sexual contact" may be accomplished by way of "any touching by a person, including touching through clothing[.]" TEX. PENAL CODE § 21.11(c)(1); *Loving*, 401 S.W.3d at 648. Thus, it is possible to commit indecency with a child by sexual contact without necessarily committing indecency with a child by exposure. It is also possible to commit indecency with a child by exposure without necessarily committing indecency with a child by sexual contact because a person can commit the required exposure and never advance to the point of engaging in contact. By these two distinct prohibitions, the Legislature has proscribed two distinct types of conduct.

In *Loving*, we explained, "indecency with a child by exposure and by contact protect children from different potential harms." *Id*. at 649. In this regard, the relationship of "exposure" to "contact" within our indecency with a child statute is similar to the relationship between different kinds of contact involving different parts of the body within that same statute, *i.e.,* anus, breast, or genitals. *Compare* TEX. PENAL CODE § 21.11(a) with TEX. PENAL

---

[4] In *Loving*, the appellant exposed his genitals in the living room and began to masturbate himself in front of the child victim. The child victim left the room, but later she returned. After she had returned, the appellant "finished masturbating" and asked the child victim to touch his penis. She "punched it" instead. 401 S.W.3d at 643.

CODE § 21.11(c). As we explained in *Loving*, "because the subsection prohibits the commission of any one of those acts, each act is a separate offense," and as such, a discrete allowable unit of prosecution. *Loving*, 401 S.W.3d at 648 (comparing *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007)).

Without acknowledging *Loving*,[5] the court of appeals concluded that "[e]xposure of Speights' genitals would be necessarily subsumed within the counts alleging . . . indecency with a child by contact as alleged." *Speights*, 2014 WL 1246074, at *9. It is this holding by the court of appeals that is at the heart of the SPA's second issue, which asks: whether "indecency by exposure [is] incident to and subsumed by indecency by contact when the defendant masturbates in front of the victim and causes the victim to touch the defendant's penis." We answer that question here.

The first part of the *Benson* analysis focuses on the statutory language, the purpose being to determine legislative intent. As we have construed the statute, both in *Loving* and again today, under a proper *Benson* Part One analysis, Section 21.11(a)(1) and Section 21.11(a)(2)(A) of the Penal Code admit of separate allowable units of prosecution (and hence, punishment) for both the offense of indecency with a child by sexual contact and the offense of indecency with a child by exposure. When both offenses are committed, they both may be tried, and the defendant may be convicted and sentenced for both in a single

---

[5] *Loving* was decided on June 26, 2013. The court of appeals decided *Speights* on March 26, 2014, some nine months later.

prosecution as well.

***Benson*** **Part Two: How Many Units of Prosecution Here?** The second part of the *Benson* analysis asks "how many units have been shown" by the evidence at trial. We have already concluded from our *Benson* Part One analysis that the Legislature intended that both theories of indecency with a child may be pled and punished, even when the exposure precedes the contact and even when both acts occur within the same transaction. When that is the case, under Part Two of the *Benson* analysis, all we need to ask about the facts is whether the evidence presented would actually support conviction and punishment under each theory of the offense.[6] Here the evidence plainly established that Appellant committed both indecency with a child by exposure and indecency with a child by sexual contact. As summarized above, the evidence shows that Appellant both exposed his penis and caused S.O. to contact it. Thus, although Appellant has unquestionably been punished separately for both offenses, his double jeopardy right to avoid being punished twice for the same offense is not offended.[7]

---

[6] *See Loving*, 401 S.W.3d at 649 ("[B]ecause commission of each prohibited act determines how many convictions may be had for a particular course of conduct, Appellant's conduct in this case violated the indecency-with-a-child statute two separate times.").

[7] The SPA's petition also asks whether "the subsumption theory of *Patterson v. State* [is] still valid in light of this Court's more recent case law?" In *Patterson v. State*, 152 S.W.3d 88 (Tex. Crim. App. 2004), we addressed the question of whether aggravated sexual assault, which involved anal penetration of the victim, subsumed other charged offenses that preceded that penetration. This Court recently acknowledged that, at least when the greater offense involves penetration, lesser preceding conduct such as contact may be subsumed. *See Maldonado v. State*, ___ S.W.3d ___, No. PD-0542-14, 2015 WL 2251205, at *3 (Tex. Crim. App. May 13, 2015). Appellant was not charged with any

## CONCLUSION

Accordingly, we reverse the judgment of the court of appeals to the extent that it rendered a judgment of acquittal for the offense of indecency with a child by exposure; we otherwise affirm its judgment.

DELIVERED:      July 1, 2015
PUBLISH

---

offense involving penetration, however, and we need not again address the continuing viability of *Patterson* here. *Loving* controls.