

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00152-CR
### NO. 02-16-00153-CR
### NO. 02-16-00154-CR
### NO. 02-16-00155-CR

CHARLES RAYMOND SPRAGUE                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NOS. 1410892D, 1412622D, 1412640D, 1412641D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Charles Raymond Sprague appeals his convictions for two counts of violating a civil commitment order and one count each of kidnapping, sexual assault, and robbery by threats. In two issues, Sprague argues that one

---

[1]*See* Tex. R. App. P. 47.4.

of his counts for violating a civil commitment order must be vacated and that his sentences are unconstitutionally disproportionate. We will vacate one of Sprague's convictions for violating a civil commitment order and affirm the remainder of the trial court's judgments.

## II. BACKGROUND

After being adjudged a sexually violent predator in accordance with Texas Health and Safety Code section 841.003, Sprague was civilly committed to reside in a halfway house on April 6, 2010, while undergoing treatment. *See* Tex. Health & Safety Code Ann. § 841.003 (West Supp. 2016). Conditions of his treatment required Sprague to wear a GPS ankle monitor, and he was not permitted to leave the halfway house without permission.

On April 15, 2015, Sprague cut off his GPS tracking bracelet and left the facility without notice and without permission. Hours later he approached "Lisa Thomas"[2] in the parking lot of her place of work, showed her a pistol in the backpack he was holding,[3] and announced, "[T]his [is] a carjacking." Sprague ordered Thomas into her SUV, got inside the vehicle, locked the doors, and then drove to a parking lot in front of a vacant building a few blocks away. There, he ordered Thomas to take off her pants and then commanded her to perform oral

---

[2]Lisa Thomas is the pseudonym given the complainant at trial. For consistency, we will use the same pseudonym.

[3]The record indicates that the pistol was an "air pistol" that appeared to be a handgun.

2

sex on him, threatening to kill her if she did not but assuring her that he would release her if she caused him to ejaculate. Through tears and pleas that Sprague let her go, Thomas complied with Sprague's demands. During this time, Sprague also digitally penetrated Thomas.

Shortly after Sprague ejaculated, he handed her purse to her and let her out of the vehicle. Thomas fled, flagged down a passing car, and reported the assault to the police. That evening, Thomas recognized Sprague as her attacker when she saw a news report that he had escaped from the halfway house. Later, tests determined that the DNA in semen recovered from Thomas's hand and pants matched Sprague's to within 1 in 19 quintillion, an "exceptionally rare profile."

Enforcement officers located Sprague two days later at the WinStar Casino and Hotel in Oklahoma, where he had registered as a guest. Officers apprehended him there without incident. As he was taken into custody, Sprague was holding the keys to Thomas's car in his hand, and the vehicle was later found in the hotel parking lot.

The State charged Sprague with two counts of violating a civil commitment order and one count each of kidnapping, sexual assault, and robbery by threats. After a trial, a jury found Sprague guilty of all charges, found the habitual-offender notice to be true, and sentenced him to life imprisonment on all five counts. The trial court rendered judgment accordingly, ordering the sentences to run concurrently. This appeal followed.

3

### III. DISCUSSION

#### A.     Double Jeopardy and Multiple Civil Commitment Violations

In his first issue, Sprague argues that one of his two convictions for violating his civil commitment order must be vacated because multiple convictions for violations of a single civil commitment order are barred under his double jeopardy rights.  The State concedes this point, and we agree with the State.

The Fifth Amendment's Double Jeopardy Clause prohibits a second trial after the accused has already been convicted or acquitted of that crime and forbids multiple punishments for the same offense in a single prosecution.  U.S. Const. amend. V; *see Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015).  The Texas Court of Criminal Appeals has held that a civil commitment order violation is a circumstances-surrounding-the-conduct crime.  *Stevenson v. State*, 499 S.W.3d 842, 851 (Tex. Crim. App. 2016).  As such, imposition of multiple punishments for violating a civil commitment order violates a defendant's double-jeopardy rights.  *Id.*  The remedy is to vacate the superfluous conviction. *See id.* at 852 ("While the State could have alleged that Stevenson violated the civil-commitment order in one of three ways, it was not entitled to three separate judgments. We therefore vacate Stevenson's convictions in counts one and three.")  Thus, we sustain Sprague's first issue and vacate his conviction predicated on the second count of violating a civil commitment order in trial court cause number 1410892D.

4

## B. Proportionality of Sprague's Sentences

In his second point, Sprague argues that the life sentences he received for each conviction are disproportionate to the offenses and thus violate his rights under the United States and Texas Constitutions. *See* U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 13. The State argues that Sprague has failed to preserve this error for our review. We agree with the State.

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under Texas Constitution was waived because defendant presented his argument for first time on appeal); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive"); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (stating that as a general rule, appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court).

Because Sprague did not raise his complaint about the alleged disproportionality of his sentences at the time they were imposed or in a motion for new trial, he preserved nothing for our review. *See Noland*, 264 S.W.3d at 151–52; *see also Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding that defendant forfeited his Texas constitution-based complaint that his sentence was grossly disproportionate); *see also Cisneros v. State*, No. 02-06-103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases). We overrule Sprague's second issue.

## IV. CONCLUSION

Having sustained Sprague's first issue and having overruled his second, we vacate his conviction predicated on Count Two of violating a civil commitment order in trial court cause number 1410892D, and we affirm the remainder of the trial court's judgments.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 27, 2017