

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00437-CR

## IN THE MATTER OF DAVID CHRISTOPHER HESSE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 64,888-C, Honorable Edward Lee Self, Presiding

August 1, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

David Christopher Hesse appeals from an order denying his writ of habeas corpus. Through the writ application, he sought to stop the prosecution of a contempt proceeding initiated against him for repeating the word "piss" during a hearing. The trial court was entertaining a motion to adjudicate guilt at the time, and Hesse was representing the defendant whose guilt was subject to adjudication. The writ should have been issued, in his estimation, because he had been punished twice for uttering the word before the actual contempt hearing occurred per § 21.002(d) of the Texas Government Code. See TEX. GOV'T CODE ANN. § 21.002(d) (West 2004) (stating that "[a]n officer of a court who is held in contempt by a trial court shall, on proper motion

filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence. The presiding judge of the administrative judicial region . . . shall assign a judge . . . to determine the guilt or innocence of the officer of the court.").

The alleged punishments consisted of 1) a brief detention while undergoing processing for release on his personal recognizance as required by § 21.002(d), and 2) an overnight detention resulting from the execution of a writ of attachment which issued after his failure to appear at the § 21.002(d) hearing. Because those detentions were supposedly punishment, the constitutional prohibition against double jeopardy found in the United States Constitution barred the § 21.002(d) guilt or innocence hearing from taking place. The trial court rejected that proposition, as do we.

While the Double Jeopardy Clause appearing in the Fifth Amendment to the United States Constitution may afford several protections, only that barring one from suffering multiple criminal punishments for the same offense is at play here. *See Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015) (describing the three protections afforded by the Double Jeopardy Clause); *Hudson v. United States*, 522 U.S. 93, 98-99, 118 S.Ct. 488, 492-93,139 L.Ed.2d 450 (1997) (stating that the "Clause protects only against the imposition of multiple *criminal* punishments for the same offense") (emphasis in original). That the prohibition bars multiple punishments for the same offense leads us to infer two truisms from the Clause. First, one must suffer multiple punishments at some time or another, and two, the multiple punishments must be for the same offense.

Regarding the matter of punishment, a governmental restriction or imposition upon one's time, freedoms, liberty, or pocketbook is not criminal punishment simply because the person suffering it deems it such. Indeed, various governmental impositions may be viewed as punishment by some but not be punishment within the scope of the Double Jeopardy Clause. *See e.g.*, *Dowling v. State*, 926 S.W.2d 752, 756 (Tex. App.—Amarillo 1996, pet ref'd) (wherein this court held that an administrative suspension of one's driver's license is not punishment that bars the State from also prosecuting the person for the criminal offense of driving while intoxicated); *Ex parte Ward*, 964 S.W.2d 617, 633 (Tex. Crim. App. 1998) (holding that imposing a tax on someone who possessed marijuana was not punishment).

Instead, the purpose underlying the imposition or restriction tends to influence its status as punishment. For instance, if its purpose is to extract retribution from or to deter the unlawful conduct by an accused then it approaches the realm of punishment under the Clause. *Dowling v. State*, 926 S.W.2d at 754-55. Yet, if it serves some purpose other than to extract retribution or deter unlawful conduct, then it moves away from that realm. *Id.*; *see also, Hudson v. United States*, 522 U.S. at 99-100, 118 S, Ct, at 493, 139 L.Ed.2d 450 (stating that factors influencing whether a civil penalty constitutes punishment include, among other things, whether the sanction or penalty 1) has historically been regarded as punishment, 2) promotes the traditional aims of punishment such as retribution and deterrence, and 3) is rationally connected to an alternative purpose distinct from the historical concepts of punishment). With this in mind, we turn to the circumstances at bar.

The record discloses that after finding Hesse in contempt for uttering the objectionable word, the trial court directed the bailiff to "take him back." It also stated that "[h]e is going to get a P.R. bond" and that "[y]ou have got to go back there, and then I will give [the P.R. bond] to you." This evidence can reasonably be viewed as illustrating that Hesse was detained to afford third parties opportunity to process his release from custody via a personal recognizance bond as required by § 21.002(d). Indeed, they liken to the circumstances before our sister court in *In re Hesse*, No. 01-15-00401-CR, 2016 Tex. App. LEXIS 8667, at *15-17 (Tex. App.—Houston [1st Dist.] Aug. 11, 2016, pet. ref'd) (mem. op., not designated for publication). There, Hesse had again allegedly committed some objectionable act and been cited with contempt. This led to his brief detention "solely for the administrative purpose of processing his personal bond and [being] released without payment." *Id.* at *15-17. And because his detention served that administrative purpose, the Houston Court of Appeals found there, as do we here, that the imposition on his liberty was not punishment encompassed within the Double Jeopardy Clause. No less is true of the detention arising from the subsequent execution of a writ of attachment.

The writ itself disclosed that it was issued because Hesse failed to appear (irrespective of his reason) at the § 21.002(d) hearing. Through it, the trial court directed the local sheriff to take Hesse into custody and bring him to the 251st District Court "to show cause why he has failed to appear as requested [by] said Court, said person having disobeyed a court order." So, the underlying purpose for this detention had nothing to do with extracting retribution from or deterring unlawful conduct by

Hesse; it served to afford him opportunity to explain why he did not appear at the hearing.

That Hesse was seized due to his failure to appear at the 21.002(d) hearing also negates one other requirement of the Double Jeopardy Clause. As previously mentioned, the accused must face multiple punishments for the same offense. The supposed "offense" resulting in his attachment was not his previous utterance of an objectionable word but rather his failure to appear when his guilt or innocence for that conduct was being adjudicated. Thus, it cannot even be said that the "same offense" was involved.

In sum, the trial court did not abuse its discretion when denying Hesse's application for a writ of habeas corpus. *Constancio v. State*, No. 07-14-00335-CR, 2015 Tex. App. LEXIS 7154, at *5-6 (Tex. App.—Amarillo July 10, 2015, no pet.) (stating that the pertinent standard of review is one of abused discretion). So, we affirm the order doing so.

Brian Quinn
Chief Justice

Do not publish.