**AFFIRMED and Opinion Filed April 29, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01352-CR

## GLENN LOUIS BAKER, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82158-2014**

## MEMORANDUM OPINION
Before Justices Whitehill, Osborne, and Nowell
Opinion by Justice Osborne

Appellant, Glenn Louis Baker, was convicted by a jury of indecency with a child[1] and subsequently sentenced to two years' imprisonment. In this appeal, appellant raises three issues, all of which concern statutory construction of the definition of "sexual contact" contained in the indecency statute. TEX. PENAL CODE ANN. § 21.11(c)(2). Because we find no merit in appellant's arguments, we affirm.

---

[1] Appellant was originally indicted for continuous sexual abuse of a child in violation of TEX. PENAL CODE ANN. § 21.02(b). The jury, however, found appellant guilty of the lesser included offense of indecency with a child in violation of PENAL § 21.11(a)(1).

## Background

B.G. was twelve years old at the time of trial. She testified to events which occurred when she was between five and seven years old at the home of appellant, who was her paternal grandfather. She testified that she found it hard and embarrassing to talk about these events.

On occasion, B.G. would be alone with appellant when her grandmother was out of the house. She and appellant would occasionally watch cartoons in an open living room upstairs. Sometimes appellant would take off his clothes and lay them on the seat of a recliner in the room. Appellant would then tell her to take off her clothes and she would pull her pants partially off. B.G. testified that she did not want to do this, but did it because appellant told her to. Appellant would then touch her "private part," both through her clothes and on her skin. This happened on more than one occasion. It made her feel uncomfortable and embarrassed.

B.G. also testified that she and appellant "played doctor." She would wrap bandages around his arms and ankles. On one occasion while "playing doctor," appellant had her wrap his "private part" (*i.e.*, his penis) in a bandage.

On yet another occasion when her grandmother was not home, appellant and B.G. were in the kitchen; appellant told B.G. to take off her pants and underwear and spread her legs open. Appellant did not have his pants on during this event. Using an iPad, appellant took pictures of B.G.'s private part as well as his private part. He then used an application on the iPad to make those body parts appear older and fatter.

Appellant deleted the pictures so "no one would see them." During these events, appellant also made B.G. touch his penis with her hand.

Appellant asked B.G. to keep these events secret, telling her that they couldn't tell her grandmother. The last episode occurred around or shortly after her seventh birthday.

B.G. made a delayed outcry, first to her mother and later to a counselor with the Children's Advocacy Center in Plano, Texas.

## Issue 1: Sufficiency of the Evidence

In his first issue, appellant claims the evidence is legally insufficient because the jury convicted him of conduct that was not criminal. Specifically, appellant claims that the indecency statute does not prohibit a child from touching an adult's genitals. The State responds that the indecency statute prohibits any touching of any part of a child's body, including the child's hand, with any part of an adult's genitals. The State further responds that, because B.G. testified that appellant made her touch his penis with her hand on at least two occasions, the evidence was sufficient to support his conviction. We agree with the State.

### *The Statute*

The statute prohibiting indecency with a child reads, in relevant part, as follows:

> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless

of whether the person knows the age of the child at the time of the offense, the person:

> (1) engages in sexual contact with the child or causes the child to engage in sexual contact;

> \* \* \*

(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child;

> or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

PENAL § 21.11 (a), (c).

### *The Indictment and Verdict*

The indictment in this case charged appellant with three separate offenses:

on or about the 10th day of October, 2011 through the 31st day of December, 2013 in said county and State, did then and there during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against B.G., said acts of sexual abuse having been violations of one or more of the following penal laws, including:

aggravated sexual assault of a child, intentionally and knowingly cause the penetration of the emale (sic) sexual organ of B.G., a child then younger than fourteen (14) years of age, and not the spouse of the defendant, by means of the defendant's finger;

–4–

AND/OR

indecency with a child, intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engage in sexual contact by touching the genitals of B.G., a child younger than seventeen (17) years of age and not the spouse of the defendant, by means of defendant's hand;

AND/OR

indecency with a child, intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, *engage in sexual contact by causing the hand of B.G., a child younger than seventeen (17) years of age and not the spouse of the defendant, to touch part of the genitals of said defendant*;

and each of the aforementioned acts of sexual abuse were committed on more than one occasion and, at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen (17) years of age or older and B.G. was a child younger than fourteen (14) years of age.

There were four verdict forms submitted to the jury; the first form permitted conviction for continuous sexual assault of a child, the second and third forms permitted conviction for indecency with a child, and the fourth verdict form permitted the jury to find appellant not guilty. The order of the verdict forms submitted to the jury essentially tracked the order of the offenses alleged in the indictment, though both the second and third verdict forms were phrased in identical language: "We, the jury, unanimously find the defendant guilty of the lesser offense of Indecency with a Child by Contact." The presiding juror signed the third verdict

option, presumptively finding appellant guilty of indecency with a child by contact because he caused B.G.'s hand to touch his genitals.[2]

*Analysis*

As appellant admits in his brief to this Court, his sufficiency argument turns not on an evaluation of whether the State proved the elements of the alleged offense beyond a reasonable doubt but rather on the proper construction and interpretation of Sections 21.11(a)(1) and 21.11(c)(1), (2) of the Penal Code vis-à-vis the allegations contained in the third paragraph of the indictment, *i.e.*, that appellant caused B.G.'s hand to touch part of his genitals. PENAL §§ 21.11(a)(1); 21.11(c)(1), (2).

According to appellant, the indecency statute does not prohibit a child victim from touching an adult's genitals. Appellant claims that, to engage in sexual contact, the defendant must either (1) touch the child or (2) cause the child to touch another

---

[2] From the record, it appears the issue of which offense of indecency the jury found was raised after the verdict had been received:

> THE COURT: . . . I see the charge now and I think I understand what the problem was. But from talking to the bailiff, I understand the State and the Defendant both agree to accept the charge as it was received by the Court, and that is a guilty finding of indecency by contact, one count, right?
>
> [BY THE PROSECUTOR] Yes, Your Honor, one count.
>
> THE COURT: And that's the Defendant's understanding as well?
>
> [BY DEFENSE COUNSEL] Yes, sir, one count.

Both appellant and the State briefed this case on the theory that, by signing the third verdict form, the jury convicted appellant of indecency with a child because he caused B.G.'s hand to touch his genitals. Neither party raises any issues regarding whether the jury found that appellant had touched B.G.'s genitals.

child, as opposed to an adult. Appellant argues that this is the only logical reading of the indecency statute and that in order for the indecency statue to prohibit the type of behavior alleged in this case, *i.e.*, appellant's penis touching the child's hand, the definition of sexual contact would have to be expanded to include "any touching *by* the child, including touching through clothing with the anus, breast, or any part of the genitals of a person" as opposed to the actual language of the statute which prohibits "any touching *of* any part of the body of a child" with the anus, breast, or any part of the genitals of a person.

The State responds that appellant's arguments are contrary to the plain language of the statute and have no support in case law.

### *Interpreting the Statute*

We interpret a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended. *Griffith v. State*, 166 S.W.3d 261, 262 (Tex. Crim. App. 2005). We endeavor to give effect to the whole statute, which includes each word and phrase, if possible. *Id*.

### *Lack of Authority*

Appellant has not cited this Court to any authority to support his arguments regarding his proposed statutory construction and we have found none. Indeed, appellant admits in his brief to this Court that he could find no case law to directly

support his claim and discusses five cases which he admits "may appear, directly or indirectly, to undermine and/or conflict with his position.[3]

One of the cases cited by appellant, *Loving v. State*, 401 S.W.3d 642, 648–49 (Tex. Crim. App. 2013), is completely contrary to his claim. In *Loving*, the defendant exposed his genitals and began masturbating in the presence of two sisters, ages eight and nine. *Id*. at 643. The sisters left the room, but later returned. *Id*. While the defendant was still masturbating, he touched the younger sister. *Id*. When the defendant completed his masturbation he touched the older sister and asked her to touch his penis; she "punched it," *i.e.*, his penis, instead. *Id*. In holding that the indecency statute prohibits various types of activity that constitute separate offenses, the Court of Criminal Appeals addressed the definition of sexual contact and how it operated under the facts of the case:

> "Sexual contact" now expressly includes touching through the clothing, and the definition divides prohibited sexual contact into two categories: first, it prohibits any touching by a person of a child's anus, breast, or genitals; second, it prohibits any touching of any part of a child's body with the anus, breast, or genitals of any person. . . . Both categories of prohibited touching also require the requisite mental state. . . . Therefore, *the plain language of the statute forbade the touching at issue here because . . . (defendant) . . . caused the older sister to touch his genitals when she punched his penis*.

---

[3] *See Speights v. State*, 464 S.W.3d 719 (Tex. Crim. App. 2015); *Loving v. State*, Nos. 03-11-00074-CR & 03-11-00075-CR, 2012 WL 3601127 (Tex. App.—Austin Aug. 17, 2012)(mem. op., not designated for publication), aff'd in part as modified, rev'd in part, 401 S.W.3d 642 (Tex. Crim. App. 2013); *Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007); *Hulsey v. State*, 211 S.W.3d 853 (Tex. App.—Waco 2006, no pet.); *Haney v. State*, 977 S.W.2d 638 (Tex. App.—Fort Worth 1998, pet. ref'd).

*Id.* at 648–49 (citing to PENAL § 21.11(c)(1), (2); emphasis added). Under that Court's interpretation of the statute, causing a child to touch an adult's genitals is prohibited conduct.

### A Child's Hand is "Part of the Body"

The indecency statute prohibits, in clear and unambiguous language, the touching of any part of the body of a child with the anus, breast, and any part of the genitals of a person. PENAL § 21.11(a), (c). A hand is clearly a part of the child's body. *See* Merriam-Webster.com/dictionary/hand (defining "hand," in part, as "*the body part* at the end of the arm of a human"). Therefore, the act of causing B.G.'s hand to touch appellant's genitals is covered by the plain language of the statute.

### Causation

Appellant fails to appreciate the causation element of the statute. The Penal Code defines causation: "[a] person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." PENAL § 6.04; *see also Gonzales v. State*, No. 05-18-00895-CR, 2019 WL 3059878, at *4 (Tex. App. — Dallas July 12, 2019, pet. ref'd) (mem. op., not designated for publication). A child cannot consent to sexual contact or intercourse. *Gonzales*, 2019 WL 3059878, at *4; *see also In re B.W.*, 313 S.W.3d 818, 823 (Tex. 2010); *Smallwood v. State*, 471 S.W.3d 601, 607 (Tex. App.—Fort Worth 2015, pet. ref'd). As a result, a defendant

who initiates and directs sexual contact may be a "cause" of the result. *Gonzales*, 2019 WL 3059878, at *4 (holding that evidence which established that a defendant who pulled his penis out of his pants and repeatedly asked a child for oral sex until she acquiesced to get away from him was legally sufficient to show appellant "caused" the penetration of the child's mouth by his penis). Thus, in order to find appellant guilty, the jury had to find that appellant *caused* the conduct of the child, *i.e.*, caused B.G.'s hand to touch his genitals. PENAL § 21.11 (c)(2).

*The Evidence Establishes Sexual Contact*

We review a complaint about the sufficiency of the evidence by considering all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The factfinder, in this case the jury, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. A child victim's testimony alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005); *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In order to convict appellant, the jury had to find that appellant caused a part of B.G.'s body, *i.e.*, her hand, to touch his genitals. B.G. testified that she touched

appellant's genitals on at least two occasions at his request: once while they were "playing doctor," and a second time while appellant was photographing their respective "private parts" in the kitchen of his home. By convicting appellant of indecency by contact, the jury obviously found B.G. credible and we defer to that determination.

*Conclusion*

We conclude that the third paragraph of the indictment in this case alleged conduct that constitutes an offense of indecency with a child. We further conclude that the evidence adduced at trial is sufficient to uphold appellant's conviction for that offense. We overrule appellant's first issue.

## Issue 2: Constitutionality of PENAL § 21.11(c)(2)

In his second issue, raised in the alternative, appellant alleges that, if this Court holds that the third paragraph of the indictment alleged prohibited conduct under Section 21.11(c)(2) of the Texas Penal Code, then that statute is unconstitutionally vague as applied to him. According to appellant, the plain-language of the statute does not put a reasonable person on notice "that if a child touches the defendant's anus, breast, or any part of his genitals, the defendant can be prosecuted, tried, and convicted." The State responds that appellant has not preserved his argument for appellate review because he did not argue at trial that the conduct described in the third paragraph of the indictment failed to allege an offense or that the statute was otherwise unconstitutional as applied to him. The State further responds that the

–11–

indecency statute plainly prohibits the conduct alleged in the indictment, *i.e.*, causing B.G.'s hand to touch appellant's genitals. We agree with the State.

### *Preservation*

An "as applied" challenge to the constitutionality of a statute is subject to the general requirement that a party must preserve error by a timely request, objection, or motion in the trial court. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); TEX. R. APP. P. 33.1(a).

Appellant does not direct this Court to any place in the record, and we have found none, where he raised a challenge to the constitutionality of PENAL 21.11(c)(2) as applied to him. Nor does appellant attempt to excuse the lack of an objection or argue that preservation is unnecessary in this case under the dictates of *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). *Cf. Flores*, 245 S.W.3d at 443 (Cochran, J. concurring) (suggesting that an "as applied" challenge to the constitutionality of a penal statute may be made for the first time on appeal). As a result, this issue has not been preserved for our review.

### *On the Merits*

Even if appellant had preserved this issue for our review, we would not find the statute unconstitutional as applied to him.

A litigant raising only an "as applied" challenge, as opposed to a facial challenge to a statute, concedes the general constitutionality of the statute, but asserts that the statute operates unconstitutionally as to him because of his particular facts and circumstances. *See Faust v. State*, 491 S.W.3d 733, 743-44 (Tex. Crim. App. 2015); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the Legislature acted reasonably in enacting it. *Faust,* 491 S.W.3d at 744 (citing *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). Because of the presumption of constitutionality, the burden rests on the defendant to establish the statute's unconstitutionality as applied to him. *See Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018); *Schlittler v. State*, 488 S.W.3d 306, 313 (Tex. Crim. App. 2016).

As noted above, in prohibiting the acts of which appellant was accused, the Texas Penal Code reads as follows:

> (a) A person commits an offense if, with a child younger than 17 years of age … the person:
>
> > (1) . . . *causes* the child to engage in sexual contact;
>
> \* \* \*
>
> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> > (2) *any touching of any part of the body of a child*, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

–13–

PENAL § 21.11(a)(1), (c)(2) (emphasis added).

The plain language of the statute is not vague. The statute is sufficiently clear to provide a person of ordinary intelligence a reasonable opportunity to know that the alleged conduct, *i.e.*, *causing* a child to touch his genitals with her hand, was prohibited. *See, e.g.*, *Gonzales*, 2019 WL 3059878, at *4 (holding that a defendant who initiates and directs sexual intercourse with a child may be a "cause" of the result as much as the person who physically controls the penetration). Appellant has failed to demonstrate that the indecency statute is unconstitutionally vague as applied to him. We overrule appellant's second issue.

## Issue 3: Ex Post Facto Application

In his third issue, raised in the alternative, appellant argues that if this Court interprets the indecency statute to prohibit the conduct alleged in the third paragraph of the indictment, *i.e.*, B.G.'s hand touched his genitals, that construction will be an unforeseeable, retroactive application of case law in violation of the constitutional prohibitions against ex post facto laws. The State responds that appellant has not presented a cognizable ex post facto claim. We agree with the State, and further conclude that appellant's due process rights have not been violated by our interpretation of the statute.

### *Ex Post Facto Prohibitions*

Both the federal and state constitutions contain clauses prohibiting the promulgation of any "ex post facto law."[4] U. S. CONST. art. I, § 10; TEX. CONST. art. I, § 16; *Ortiz v. State*, 93 S.W.3d 79, 91 (Tex. Crim. App. 2002). These constitutional prohibitions are directed at the legislature, not the courts. *Ortiz,* 93 S.W.3d at 91; *see also Ex parte Heilman*, 456 S.W.3d 159, 165 (Tex. Crim. App. 2015).

As a general rule, in assessing a claim based on ex post facto allegations, courts look beyond the actor that is directly committing the alleged violation for some legislative origin of the alleged violation. *Ex parte Heilman*, 456 S.W.3d at 165. A legislative body cannot escape the strictures of either the Texas or federal ex post facto clause, but a defendant must be able to point to a legislative origin of the alleged violation. *Id*. In order to raise a cognizable ex post facto claim, appellant must show that the indecency statute itself operates retroactively, not that either the trial court or this Court has retroactively applied the statute to an offense he committed before its enactment. *Ortiz,* 93 S.W.3d at 91; *Castillo v. State*, 573 S.W.3d 869, 876 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd).

---

[4] An ex post facto law is one that: (1) punishes as a crime an act previously committed that was innocent when done; (2) aggravates a crime, or makes it greater than it was, when committed; (3) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when committed; or (4) deprives a person charged with a crime of any defense available at the time the act was committed. *See Peugh v. United States*, 569 U.S. 530, 538–39 (2013); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002); *Pomier v. State*, 326 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Appellant does not argue that the statute itself operates retroactively, nor does he point to a legislative origin of the alleged violation. As a result, he has failed to state a cognizable ex post facto claim.

***Due Process Implications***

Rather than making a true ex post facto claim, appellant argues that, if we interpret the statute as applying to his conduct, *i.e.*, causing B.G.'s hand to touch his genitals, we will be creating "an unforeseeable retroactive application" of the statute. The State, in its brief to this Court, does not address this aspect of appellant's argument.

While ex post facto prohibitions do not apply to judicial actions, due process of law may be violated when judicial action has an ex post facto effect. *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964); *Heilman*, 456 S.W.3d at 166; *Harber v. State*, 594 S.W.3d 438, 443 (Tex. App.—San Antonio 2019, pet. ref'd). An unforeseeable judicial construction of a criminal statute, applied retroactively, can function like an ex post facto law and result in a due process violation. *Bouie*, 378 U.S. at 353; *Heilman*, 456 S.W.3d at 166. However, this due process limitation is not coextensive with the ex post facto prohibition; rather, it is rooted in the principle that a criminal statute must give fair warning of the conduct it criminalizes and protect against judicial enlargement of a criminal statute. *Heilman*, 456 S.W.3d at 166 (citing *Rogers v. Tennessee*, 532 U.S. 451, 457–62 (2001) which clarified that the ex post facto clause does not apply to the judiciary, and due process does not

incorporate all of the ex post facto clause's strictures); *Harber,* 594 S.W.3d at 443. Essential to a complaint that a judicial construction of a statute had an ex post facto effect is a showing that the judicial construction changed the law. *See, e.g., Bouie*, 378 U.S. at 354; *Williams v. State*, No. 05-00-00254-CR, 2000 WL 1659559, at *3 (Tex. App.—Dallas Nov. 6, 2000, no pet.) (not designated for publication).

We have not construed the indecency statute in a manner that changes the law. Our application of the indecency statute does not result in a retroactive application of that statute or in an expansion of the prohibitions of that statute without providing proper notice. To the contrary, as stated above, the plain language of the statute prohibits appellant's alleged conduct, which the jury found to be true, *i.e.*, causing B.G.'s hand to touch his genitals. *Loving*, 401 S.W.3d at 648–49. We overrule appellant's third issue.

## Conclusion

The trial court's judgment is affirmed.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)
181352F.U05

–17–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GLENN LOUIS BAKER, Appellant

No. 05-18-01352-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-82158-2014.

Opinion delivered by Justice Osborne. Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered April 29, 2020.