**Affirmed and Opinion filed April 25, 2024.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00896-CR**

_____

**JORGE ALVAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1689277**

## OPINION

In this appeal from a conviction for indecency with a child by exposure, appellant argues in two issues that the trial court reversibly erred by submitting a lesser-included offense, and by overruling defensive objections to improper questions during voir dire. We overrule both of these issues and affirm the trial court's judgment.

## LESSER-INCLUDED OFFENSE

Appellant was charged with one count of aggravated sexual assault of a child. The indictment alleged that he had "intentionally and knowingly cause[d] the sexual organ of [the complainant], a person younger than fourteen years of age, to contact [his] mouth." Appellant pleaded not guilty to that charge, and his case proceeded to a trial by jury.

During the charge conference of that trial, the prosecutor requested the submission of a lesser-included offense for indecency with a child by exposure. Defense counsel affirmatively stated that he had no objections to that submission. The trial court accordingly submitted a charge containing instructions on both aggravated sexual assault of a child and indecency with a child by exposure. The jury convicted appellant of indecency with a child by exposure.

Appellant now argues in his first issue on appeal that the trial court committed charge error because, in his view, indecency with a child by exposure is not actually a lesser-included offense of aggravated sexual assault of a child. This issue raises a question of law, for which our review is de novo. *See George v. State*, 634 S.W.3d 929, 937 (Tex. Crim. App. 2021).

When deciding whether one offense is a lesser-included offense of another, a reviewing court applies the cognate pleadings approach. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under this approach, the reviewing court does not consider the evidence produced at trial. *Id.* Instead, the reviewing court compares the elements of the greater, charged offense as stated in the indictment to the statutory elements of the purported lesser-included offense. *Id.* at 535–36. An offense qualifies as a lesser-included offense if the indictment for the greater offense alleges all of the elements of the lesser-included offense, or if the indictment for the greater offense alleges elements plus facts (including descriptive averments) from

which all of the elements of the lesser-included offense may be deduced. *See Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009).

This deductive process is sometimes known as the "functional-equivalence concept." *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). "When utilizing functional equivalence, the court examines the elements of the lesser offense and decides whether they are functionally the same or less than those required to prove the charged offense." *Id.*

Applying this cognate pleadings approach to the case at hand, we begin with the elements of aggravated sexual assault of a child, as they were alleged in the indictment. To obtain a conviction for that charged offense, the prosecution had to prove (1) that appellant intentionally or knowingly caused the sexual organ of the complainant to contact his own mouth, and (2) that the complainant was a child younger than fourteen years of age at the time of the contact. *See* Tex. Penal Code § 22.021(a)(1)(B)(iii), (a)(2)(B).

For the purported lesser-included offense of indecency with a child by exposure, the prosecution had to prove the following statutory elements: (1) with the intent to arouse or gratify the sexual desire of any person, appellant caused the complainant to expose any part of her genitals, and (2) the complainant was a child younger than seventeen years of age at the time of the exposure. *See* Tex. Penal Code § 21.11(a)(2)(B).

Appellant argues that indecency with a child by exposure cannot be a lesser-included offense of aggravated sexual assault of a child because the indecency offense requires proof of exposure, whereas the assault offense does not. Appellant does not cite to any authority in support of this argument, and we do not agree with it. While there is no express reference to "exposure" in the alleged elements of aggravated sexual assault of a child, an act of exposure is nonetheless required to

3

prove that greater offense because oral contact with the complainant's sexual organ could not be possible unless the sexual organ were exposed. *See Cantu v. State*, 604 S.W.3d 590, 593 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (indicating that exposure, in this context, occurs when concealment has been removed). Thus, the exposure element is "functionally the same or less" than what would be required to prove the charged offense. *See Meru*, 414 S.W.3d at 162.

Appellant challenges this reasoning by arguing that a contact can occur even without an exposure, and vice versa, that an exposure can occur even without a contact. For these propositions, appellant relies on *Speights v. State*, 464 S.W.3d 719 (Tex. Crim. App. 2015), which stated the following:

> Thus, it is possible to commit indecency with a child by sexual contact without necessarily committing indecency with a child by exposure. It is also possible to commit indecency with a child by exposure without necessarily committing indecency with a child by sexual contact because a person can commit the required exposure and never advance to the point of engaging in contact.

*Id.* at 723.

But appellant overlooks two critical distinctions with *Speights*.

The first offense at issue in that case was indecency with a child by sexual contact, not aggravated sexual assault of a child. And the statute for that indecency offense defines "sexual contact" as any sort of inappropriate touching, including a touching "through clothing." *See* Tex. Penal Code § 21.11(c). Thus, that offense can be committed even when the child is fully clothed—i.e., not exposed. The same cannot be said of aggravated sexual assault of a child, at least when the indictment alleges that the defendant caused the child's sexual organ to contact the defendant's mouth.

Also, the other offense at issue in *Speights* was indecency with a child by exposure, which is the same offense at issue here, but the charges were under different subsections. There, the defendant was charged with exposing himself by masturbating in front of a child, which implicated Section 21.11(a)(2)(A) of the Texas Penal Code, whereas in this case, appellant was alleged to have exposed the child's genitals (not his own), thereby implicating Section 21.11(a)(2)(B).

In sum, *Speights* is distinguishable, and it does not alter our conclusion that indecency with a child by exposure is a lesser-included offense of aggravated sexual assault of a child when the defendant is alleged to have committed that greater offense by causing the child's sexual organ to contact the defendant's mouth. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) ("Indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act."). Because the trial court reached the same conclusion, we likewise conclude that the trial court did not err by submitting a jury charge with the instruction for indecency with a child by exposure.

## VOIR DIRE

In his second issue, appellant argues that the trial court abused its discretion by permitting two lines of questioning during voir dire, one of which concerned the burden of proof, and the other concerning an improper commitment question. We examine each in turn.

## I.     Burden of Proof

During her portion of voir dire, the trial judge explained that the prosecution had the burden of proof beyond a reasonable doubt, and that this burden was greater than both the preponderance standard that applied in ordinary civil cases, as well as the clear and convincing standard that applied in cases where the government seeks

to remove a child from a parent's home. The trial judge stated that there was a continuum of sorts, but that "these lawyers will probably never agree where on this continuum beyond a reasonable doubt is."

When the prosecutor began his portion of voir dire, he also addressed this continuum. The prosecutor selected a venireperson who was the parent of six children, and he asked that venireperson, "How much evidence would it take for the State to take away your six kids? A little, a lot?" The venireperson responded, "It really depends." Unsatisfied with that response, the prosecutor shifted to another venireperson, and asked a similar question. This other venireperson, who was the parent of two children, answered that "not very much" evidence would be required for the government to take away those children. The prosecutor replied that "you guys are failing," and that "a lot of people that I've asked sometimes have said it would take a lot of evidence, right?"

The prosecutor continued:

> The point I'm trying to get at is don't confuse clear and convincing here with beyond a reasonable doubt here. Meaning, wow, I got to get—the State has to give you a lot of evidence to take away my kids. Because the difference that we see here is beyond a reasonable doubt takes away your liberty. They put you in prison, right?
>
> Clear and convincing, you could get your kids back at some point, right? If you did whatever they said to get them back.
>
> ***
>
> Right. So it's not like we're taking your kids forever. So the point I'm just trying to make is don't compare like, wow, clear and convincing is a lot. So now I got to get a whole bunch more for beyond a reasonable doubt. Does that make sense?

At this point, the defense counsel objected: "Judge, objection, improper voir dire. Proof beyond a reasonable doubt is not quantitative, as you know. *Geesa versus State of Texas* had a definition for reasonable doubt and it was overruled."

The trial court overruled counsel's objection. Appellant now challenges that ruling, which we review for an abuse of discretion. *See Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).

Appellant argues that the prosecutor's comments were "not necessary" because ever since *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000), which overruled *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), juries have not been instructed with a formal definition for "beyond a reasonable doubt." He relatedly argues that the prosecutor's comments were improper because they suggested that there is a quantitative measure to "beyond a reasonable doubt."

We do not believe that the prosecutor was attempting to define the standard for beyond a reasonable doubt or otherwise resurrect *Geesa*. Rather, the prosecutor was merely drawing a comparison to the clear and convincing standard, which is a proper subject to address during voir dire. *See Fuller v. State*, 363 S.W.3d 583, 587 (Tex. Crim. App. 2012) (observing that a prosecutor may properly "inquire whether a prospective juror understands that proof beyond a reasonable doubt must at least constitute a more onerous standard of proof than preponderance of the evidence and clear and convincing evidence"). Accordingly, the trial court did not abuse its discretion by overruling appellant's objection.

Appellant also argues that the challenged comments encouraged the jury to hold the prosecution to a "lesser burden of proof" because the prosecutor suggested that the removal of a parent's child was more profound than the loss of a stranger's liberty. Unlike the arguments discussed above, this argument does not comport with appellant's trial objection. Therefore, it was not preserved and we need not consider it. *See* Tex. R. App. P. 33.1; *Compton v. State*, 666 S.W.3d 685, 714 (Tex. Crim. App. 2023).

## II.    Commitment Question

Later in his voir dire, the prosecutor addressed the topic of child victims who testified. This line of questioning led to two objections for improper commitments. We reproduce the relevant passage here:

Prosecutor: Well, tell me, Juror Number 58, how do you think a juror—or—or a child would testify? In your mind, play it through. What do you think the emotions of a child would be?

Juror: They're going to be nervous. They're going to be scared.

Prosecutor: Uh-huh.

Juror: You know, they're just going to be nervous. Like you said, strangers; it's people they don't know.

Prosecutor: Yeah.

Juror: The potential accused person that's going to be sitting there looking at them.

Prosecutor: What about crying?

Juror: Yeah. I would say crying, stuttering.

Prosecutor: Uh-huh.

Juror: No eye contact, I would imagine.

Prosecutor: Right.

Defense: Judge, it's improper voir dire. It's a commitment question relieving the State of their burden of proof.

The Court: All right. Just rephrase your question, [prosecutor].

Defense: Thank you, Your Honor.

Prosecutor: Okay.

Now, what about the opposite of that? Juror Number 49, what if the child—where is 49? What if the opposite occurs and the child doesn't show any emotion? What do you think about that?

Juror: It's quite possible—

Defense: Commitment question, Your Honor.

Prosecutor: I'm just asking—

The Court: I couldn't hear his question. What if the child what?

Prosecutor: I said what if the child shows no emotion. What do you think about that?

The Court: I'll let you ask that question.

Appellant now challenges these rulings, arguing that the prosecutor's questions committed the jury to finding the complainant credible, regardless of whether the complainant exhibited emotions or certain behaviors.

An otherwise proper question is impermissible if it attempts to commit the juror to a particular verdict based on particular facts. *See Standefer v. State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001). When deciding whether a prosecutor has asked an improper commitment question, we apply a two-part test. *Id.* at 182–83. First, we must determine if the prosecutor's question is in fact a commitment question. *Id.* The question calls for a commitment if one of its possible answers would require the venireperson to resolve an issue or to refrain from resolving an issue on the basis of one or more facts contained within the question. *Id.* at 180. If the question is a commitment question, then we move on to the second part, which requires that we determine whether the question is proper or improper. *Id.* at 182–83. For the question to be proper, one of its possible answers must give rise to a valid challenge for cause, and the question must contain no more facts than necessary to test whether the venireperson is challengeable for cause. *Id.* If no possible answer would give rise to a valid challenge for cause, or if the question contains too many facts, then the question is improper and the trial court should not allow it. *Id.*

The challenged questions here were "What about crying?" and "What if the opposite occurs and the child doesn't show any emotion? What do you think about that?" These questions would not require a venireperson to resolve an issue or to refrain from resolving an issue on the basis of a particular fact stated within the

9

question. These questions simply asked the venirepersons for their general views on child witnesses and their demeanors. They were not commitment questions, and the trial court did not abuse its discretion by overruling appellant's objection. *Cf. Mendez v. State*, 612 S.W.3d 443, 449 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (question asking for a belief as to whether a child would more commonly deny actual abuse than falsely allege abuse was not an improper commitment question).

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
          Chief Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson. Publish — Tex. R. App. P. 47.2(b).